ALLEN *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[71 South. 386.]

1. NEGLIGENCE. *Injury on premises. Invitation. Liability.*

   The bare permission of a railroad company to persons to enter upon its premises does not render it liable for injuries received by them on account of the condition of the premises. But, if it expressly or impliedly invites, induces, or leads them to come upon its premises, it is liable in damages to them (they using due care) for injuries occasioned by the unsafe condition of the premises, if such condition was the result of its failure to use ordinary care to prevent it.

2. NEGLIGENCE. *Injury on premises. Implied invitations.*

   A railroad company may induce or influence another to enter its premises by providing an easy and convenient pathway across the premises which seems to be intended for use of the public in going from one point to another, and which provides a near cut and is constantly used by the general public as a public thoroughfare.

3. SAME.

   The phrase "implied invitation" imports knowledge by the defendant of the probable use by the plaintiff of the defendant's property so situated and conditioned as to be open to, and likely to be subject to such use.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by Ida Allen against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*N. B. Feld* and *J. D. Thames,* for appellant.

In *Sweeny* v. *Old Colony etc., R. R. Co.,* 87 American Decisions page 648, the court said: "The general rule or principle applicable to this class of cases is, that an owner or occupant is bound to keep his premises in a safe and

suitable condition for those who come upon and pass over them using due care if he has held out any invitation, allurement, or inducement either express or implied, by which they have been let to enter thereon,'' and further, on the same page says:

''The gist of the liability consists in the fact that the person injured did not, merely for his own convenience and pleasure, and from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was lead to believe that they were intended to be used by visitors or passengers and such use was not only acquiesced in by the owner or person in possession and control of the premises, but that it was in accordance with the intention and design with which the way or place was adopted and prepared or allowed to be so used,'' and further on the same page says: ''The true distinction is this: A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability; but if he directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an. obligation that they are in a safe condition, suitable for use, and for a breach of this obligation he is liable in damages to a person injured thereby.'' On page 649, the court further says: ''In the last named case, the distinction is clearly drawn between the liability of a person who holds out an inducement or invitation to others to enter on his premises by preparing a way or path by means of which they can gain access to his house or store, or pass into or over the land, and in a case where nothing is shown but a bare license or permission tacitly given to go upon or through an estate, and the responsibility of finding a safe and secure passage is thrown on the passenger and not on the owner.'' As to what constitutes an implied invitation, in *Lepnick* v. *Gaddis*, 72 Miss. 207, the court said: ''However, this may be, the phrase implied invitation, in its real value and significance, as derived from its application in the adjudged cases, imports knowledge

by the defendant of the probable use by the plaintiff of the defendant's property so situated and conditioned as to be open to and likely to be subjected to, such use: *St. Louis I. M.* and *S. R. Y. Co.* v. *Dooley,* 92 So. W., 791; *Devoe* v. *New York, O. & W. Ry. Co.,* 43 Atlantic Reporter, 901.

We respectfully submit that the facts of this case bring it within the principles announced above; there was no mere passive acquiescence by appellee; on the contrary, appellee made the excavation, and built the steps, and allowed the public to use them for a period of fifteen years, and at one time repaired them, as was shown by the evidence. Appellee was therefore, under a duty to appellant at the time she fell from the steps and was injured, to have kept them in a reasonably safe condition, and in leaving the third step out for a period of a year before appellant was caused thereby to fall and be injured. Appellee was guilty of a negligent failure to perform this duty.

*Mayes, Wells, May & Sanders,* for appellee.

We submit two principles as settling the question against appellant: First, appellant was a licensee: Second, the appellee was guilty of no active negligence contributing to appellant's hurt.

The principle of law is too well settled to justify extensive citation of authorities, that one who uses the premises of another by mere sufferance, for purposes of his own, is a licensee. To permit one for his own convenience to use your premises does not amount to an invitation so to do.

The distinction between one present by invitation and one present on premises as a licensee, is very satisfactorily discussed in the case of *Pomponio* v. *N. Y. etc. RR. Co.,* 50 Am. State Rep. 124.

In the case at bar, the appellant was on the appellee's premises for her own convenience, as she testified; she

had no business there with the appellee but was using this short cut to Leofodt's store, as others frequently did. The steps did not connect with the highway, and led to nowhere except to the appellee's private business, where the public had no interest and was not invited to come. This being true, the appellant was a licensee. The appellee owed her the duty to refrain from using force or committing any active negligence to her hurt. The most that can be made of the appellant's case is that the appellee did not provide her a safe passage across its premises to be used by her for her private, personal convenience in which the appellee was not interested.

In the case of *Sweeney* v *Old Colony, etc., R. R. Co.,* 87 Am. Dec. 648, relied on for appellant, the plaintiff was injured by the active negligence of the defendant. The facts in the case show that the plaintiff attempted to cross at a place which was frequently used as a crossing over the defendant's road, while in the act of crossing he was negligently injured by a moving car which was backed into him while he was in the act of crossing. A wholly different case from the one at bar, and the decision in this case is certainly to be measured and limited by the facts of the case.

The case of *Lepinck* v. *Gaddis,* 72 Miss. 207, presents a case where the injured party was clearly present by invitation on the premises which were rendered unsafe and dangerous by the acts of the owner. The road and way across it had been used by the public in transacting business with the defendant in that case. The defendant had invited the public to use the premises and was bound to see that the premises were made safe. That case, therefore, is not authority for the appellant's contention.

The other case of *St. Louis, etc. Co.* v. *Dooley,* 92 S. W. 791, is a case where the railroad company had built a fence across a dirt road that had for many years been used as a public highway. The railroad company in that case did not attempt to prevent the public's continued use of the way as a highway, but invited its continued use

and constructed steps, or a stile, to be used as a part o.· link in the road. In order to travel along the road from one part to the other, intersected as it was by this stile, it was necessary for the public to use the style so placed by the railroad company.

In the case at bar, the steps were no part or link in any continuous highway. The highway ended before the steps were reached, and beyond the steps were the yards and tracks of the appellee where no one was invited to come; where the appellant had no business and where a sound public policy would discourage all persons from going because of the dangers attendant upon the use of the railroad as a footway.

It seems to us clear that the Dooley case is in no sense analogous to the present case. If the Dooley case could be construed to hold that the owner of premises is liable to a licensee for an omission to provide a safe place, then we submit that the Dooley case is not good law and ought not to be followed by this court.

The supreme court of the United States, in the case of *Bennett* v. *L. & N. R. R. Co.,* 102 U. S. 57, quotes to approve this principle: ''Invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is a mere pleasure to the benefit of the person using it.'' Under this rule, we submit that the appellant was a licensee and appellee owed her no duty except not to injure her by active negligence.

This court has passed on the question of the extent of the duty which the owner of land owes to a licensee whose entry thereon is for his own pleasure or convenience, and the rule thus declared by our court accords with the rule announced by the supreme court of the United States and the rule stated in the *Pomponio case, supra.* We refer to the cases of *I. C. RR. Co.* v. *Mary Arnola,* 78 Miss. 787; *Batchelor* v. *Fortescue,* 2 L. R. Q. B. D., 474; *Housell* v. *Smyth,* 97 E. C. L. R., 742; *Redigan* v. *R. R. Co.,* 155 Mass. Rep. 144; S. C., 14 L. R. A. 276; *Collis* v. *Selden,* 3 L. R. C. P. Cas. 495; *Gantrel* v. *Egerton,* 2 L. R. C. P. Cas. 371.

We therefore submit that the appellant when she was injured was a licensee and her injury resulted from no active negligence of the appellee. The learned trial judge was therefore right in holding that no actionable negligence had been shown, and properly sustained the motion to exclude the plaintiff's testimony.

Cook, P. J., delivered the opinion of the court.

This is an appeal by the appellant, plaintiff below, from a judgment entered by the circuit court against her. The suit was for personal injuries inflicted, as she claimed, by the negligence of the railroad company. After the close of the evidence, the court, at the request of defendant, directed the jury to return a verdict for the defendant.

We here take from the brief of appellant what we believe to be a fairly accurate statement of the facts presented to the jury by plaintiff's evidence, viz.:

"At the time the appellee, the Yazoo & Mississippi Valley Railroad Company, and for a long time prior thereto, built its machine and repair shops and constructed its yards and switch tracks in the city of Vicksburg, Klein street extended east and west to the Mississippi river. The city of Vicksburg granted to appellee part of Klein street and also a part of Depot and Levee streets, both of which ran north and south and at right angles to Klein street, in order that it might build and construct its machine shop, yards, and tracks thereon. Prior to the building by appellee of its shops, yards, and tracks, the public used the parts of Klein, Levee, and Depot streets on which appellee built its shops, yards, and tracks, as it did the other streets of the city of Vicksburg. There is a hill or sharp declivity on Klein street, extending about two hundred or two hundred and fifty feet in a westerly direction to the right of way of appellee, which formerly extended to Levee street. After the construction of the shops, yards, and tracks of ap-

pellee, the public continued to use Klein street as a way for pedestrians from the top of the hill down to the right of way of appellee at or near the foot of the hill. At the foot of the hill where Klein street intersected the right of way of appellee, there was a pathway or footway running north on the right of way of appellee, which was used by those pedestrians who came down the hill on Klein street, as above stated, and who desired to go to the stores, warehouses, and places of business on Levee street. This route was generally used by the public in going from Klein street north to Levee street, from the time the shops, yards, and tracks of appellee were built and constructed, until after the injury complained of by appellant. About fifteen years prior to the injury to appellant, the citizens of Vicksburg in the neighborhood of Klein street petitioned the board of mayor and aldermen to erect a flight of steps at or near the top of the hill or declivity on Klein street going down to the right of. way of appellee. In response to that petition, the city of Vicksburg erected in Klein street a flight of fifteen steps, which was east of the right of way of appellee, and the place where appellant was injured. At that time there was a gradual slope down the hill on Klein street that led directly from the flight of steps erected by the city to the pathway on the right of way of appellee which ran north from Klein street and which had been used by the public for many years in going from Klein street to Levee street, and to other portions of the city north of Klein street. Some time subsequent to the building of the flight of steps by the city of Vicksburg on Klein street on the hill, appellee made an excavation up to the line of its right of way on Klein street for the purpose of laying tracks, thereby leaving a perpendicular embankment at the intersection of Klein street and its right of way, about four and one-half feet high. After making this excavation, which left a perpendicular embankment at the intersection of Klein street and its right of way, appellee erected a flight of wooden steps six feet wide

111 Miss.—18

leading over the perpendicular embankment caused by
the excavation to the pathway or passageway on its
right of way going north to Levee street, which had been
previously used by the public for that purpose for many
years.

"After appellee made the excavation on Klein street,
and erected the flight of steps 'on which appellant was
hurt and injured,' leading from Klein street to the path-
way or passageway on its right of way going north to
Levee street, the public generally continued to use Klein
street and the flight of steps erected by the city thereon,
and the flight of steps erected by appellee at the foot of
Klein street, and on its right of way,  and  connecting
Klein street with the pathway or passageway on the right
of way of appellee going north from Klein street, in
order to reach Levee street, for many years prior to the
injury of appellant, as it had always done prior to the
excavation of its right of way and the erection of the
steps over the embankment caused thereby, by appellee.
The footpath or passageway leading from the flight of
steps erected by appellee on its right of way at the foot
of Klein street, and going north to Levee street, was
east of the. railroad track in the yard of appellee, and,
in order to use this pathway or passageway, pedestrians
were not compelled to cross any of the tracks of appellee,
or to assume any dangerous risks whatever in going to
Levee street or that part of the city north of Klein street.

"The evidence shows that Klein street and the two
flights of steps, one erected by the city of Vicksburg on
Klein street, and the other constructed by appellee on its
right of way at the foot of Klein street, were generally
used by the public in going from Klein street north to
Levee street, as was also the pathway or passageway
leading from the steps constructed by appellee on its
right of way at the foot of Klein street and leading north
to Levee street, and had been so used by the public for
that purpose for many years, and that appellee during all
the years it had been so used by the public had made

no objection, or given any notice to the public not to use either the steps on its right of way or the way leading therefrom to Levee street.

"The testimony further shows that the flight of steps erected by appellee on its right of way at the foot of Klein street about fifteen years prior to the injury of appellant thereon had been repaired and maintained by appellee during all the years. That Ida Allen, the appellant, moved into the neighborhood near Klein street about two weeks before her injury, and desiring to go to Leofoldt's store on Levee street, north of Klein street, she went to Klein street, which was the usual way and her most direct route, thence down Klein street to the flight of steps erected by the city of Vicksburg, and down this flight of steps erected by the city to the flight of steps at the foot of Klein street erected, repaired, and maintained on its right of way by appellee, intending to proceed down this flight of steps to the passageway leading therefrom on the right of way of appellee, north to Levee street, which was the usual way the public traveled in going to Levee street, and the way that she had seen others go; and, while going down the flight of steps erected and maintained by appellee on its right of way at the foot of Klein street, one of the steps being out of place thereon, she fell with great force and violence, receiving from the fall serious and permanent injuries."

If there is nothing in the evidence as a whole to warrant a jury in finding that plaintiff was induced to go upon the steps by the invitation or procurement, express or implied, the railroad company is not liable for her injuries.

This question has come before the courts in many cases of varying facts, and there seems to be no difference in the decisions upon the rule of law controlling the subject; but the facts of each case determine the liability of the person or corporation charged with negligence.

"The bare permission of the owner of private ground to persons to enter upon his premises does not render him liable for injuries received by them on account of the condition of the premises. But if he expressly or impliedly invites, induces, or leads them to come upon his premises, he is liable in damages to them (they using due care) for injuries occasioned by the unsafe condition of the premises, if such condition was the result of his failure to use ordinary care to prevent it."

This excerpt from the opinion of the supreme court of Arkansas, in *St. L., I. M. & S. R. Co.* v. *Dooley*, 77 Ark. 561, 92 S. W. 789, states the governing rule for this case in plain and comprehensive terms. One may invite another to his home by asking him to come to see him at some indefinite time. One may influence or induce another to enter his premises by providing an easy and convenient pathway across the premises which seems to be intended for use of the public in going from one point to another, and which provides a near cut and is constantly used by the general public as a public thoroughfare.

This court, in *Lepnick* v. *Gaddis*, 72 Miss. 200, 16 So. 213, 26 L. R. A. 686, 48 Am. St. Rep. 547, thus defines "implied invitation:"

"The phrase, 'implied invitation,' in its real value and significance, as derived from its application in the adjudged cases, imports knowledge by the defendant of the probable use by the plaintiff of the defendant's property so situated and conditioned as to be open to, and likely to be subjected to, such use."

The city of Vicksburg seems to have assumed, without question on the part of appellee, the right to provide a thoroughfare for pedestrians at the head of this incline, and it seems to be justly inferable that the railroad company recognized that the general public would use this way as a matter of supposed right, and this inference is deducible from the company's act in restoring its end

of the way by erecting the steps after it had cut away its end of the incline.

According to the record, the city assumed jurisdiction over the eastern part of the path which led down to the foot of the incline, and from thence into and through the private yards of the company. When it became necessary for the company to destroy the western terminus of the hill path, it seems to have believed that it was under obligations to provide another way for those who desired to use the path, and so it immediately put in the steps. It may be true that the company was under no duty to put in the steps; but it nevertheless did put them in, and we think the public had a right to take its acts as an invitation to the public to use the steps. Here was a public pathway, if constant, long-continued, and unquestioned use can establish a right. What did the erection of the steps imply, under the circumstances? The irresistible conclusion is that this was an implied invitation to continue the use of the way.

The jury were warranted in finding that the situation, created by the defendant, was such that would import "knowledge by the defendant of the probable use by the plaintiff of the defendant's property so situated and conditioned as to be open to, and likely to be subject to, such use." *Lepnick* v. *Gaddis, supra.*

This being our view of the record, the peremptory instruction should not have been given.

*Reversed and remanded.*