ROBERTSON *v.* YAZOO & M. V. R. Co.*

(In Banc. Feb. 27, 1928. Suggestion of Error Overruled Oct. 8, 1928.)

[118 So. 181. No. 26742.]

*Corpus Juris-Cyc References: Negligence, 45CJ, p. 790, n. 80; p. 812, n. 39.

*Brunini & Hirsch, Harry K. Murray,* and *James D. Thames,* for appellant.

*Hirsch, Dent & Landau, Chas. N. Burch* and *H. D. Minor,* for appellee.

Argued orally by *Jno. Brunini,* for appellant, and *R. L. Dent,* for appellee.

McGowen, J.  Mrs. Estelle Robertson, plaintiff in the court below, appellant and cross-appellee here, filed her declaration to recover damages alleged to have been sustained by her as the result of a collision of a Ford car with a railroad switch stand and the guards thereof, located on or near a roadway paralleling defendant's cross-appellant and appellee here, house track in its railroad yards, in the town of Utica, Hinds county, Miss. She alleged that the switch stand and the guards thereof constituted an obstruction in the street of the town.  Defendant interposed plea of general issue with notice of special matter, the circumstances under which the house track and way were constructed.  The case was submitted to a jury, and there was a verdict and judgment for the plaintiff, Mrs. Estelle Robertson, in the sum of two hundred dollars.  Mrs. Robertson appealed, and thereafter the railroad company filed what is termed a "cross-appeal."  Mrs. Robertson contends the case should be reversed and remanded because she was entitled to a peremptory instruction on the question of damages, which the court below had refused, thereby diminishing her damages.  The railroad company contends here that it was entitled to a peremptory instruction because the plaintiff, at the time, was a licensee or trespasser, and not an invitee, and that the railroad company owed her no duty save not to willfully and wantonly injure her.  Other causes for reversal are assigned, but they will not be noticed here for the reason that we have reached the conclusion that the case may be disposed of on the issue thus sharply presented.

The facts are these:  Mrs. Robertson and her husband and their children, together with a sister, traveled in a Ford coupé to Hazlehurst on Sunday, October 31, 1926, on the way passing through Utica.  On the return trip that evening when within five or six miles of Utica the lights of their car were discovered to be dim, and when they reached Utica they wanted a mechanic to remedy

the lights. They left the main highway, entering the route to Vicksburg, and had a boy conduct them to the home of a mechanic. They traveled over Main street running east and west until they came to Depot street, which runs north and south parallel to the railroad track. Depot street begins at Main street and runs south several blocks to a cross street called White Oak street. There was another route by which this trip could have been accomplished. The Robertsons stopped in Main street at the north end of Depot street, there making inquiry for an automobile mechanic, securing a boy to conduct them, who rode on the running board. They stopped near White Oak street, and Mr. Robertson, the driver of the car, and the boy crossed the railroad and talked with a mechanic. The Robertson car was headed north. At the point where it was stopped, there was an elbow. The street he had traveled was from twenty-seven to forty feet wide, and at the point where he stopped the elbow circled toward the railroad house track, and he drove thereon. This house track was on the east side of Depot street and west of the station at Utica. Alongside the house track there was a graveled space with a clearance of about nine to twelve feet on which parties specially dealing with the railroad were accustomed to load and unload freight, and especially vegetables during the vegetable season of the year. This house track and this way alongside it were on a dump variously estimated to be from four to nine feet higher than Depot street proper. Robinson drove alongside this track up onto this dump and suddenly came in contact with an iron rail which had been embedded in the ground in order to protect parties driving along the railroad track from driving into the switch, which was three and one half to four feet out from the iron rails, and there were nine feet or more from these rails to the edge of the dump. These rails or guards protruded above the ground about ninteen inches, one on either side, north and south. Mr. Robertson,

while watching the dump, collided with these guards, and Mrs. Robertson suffered injuries alleged to be permanent, and there was injury to the car.

It was shown that the railroad company in 1922 constructed this dump or embankment, and built thereon its house track for the convenience of vegetable growers and shippers of vegetables of Utica and its vicinity, upon a a petition of citizens. It was graveled, and the way was made for those people who desired to load and unload to drive alongside the track which extended seven or eight hundred yards parallel with the railroad right of way. On the opposite side from the railroad it had a sign, "This is railroad property." It was shown that this collision occurred about eleven o'clock at night, and that the night was dark and foggy; that Robertson had a conversation with the mechanic in regard to having his lights repaired; that he knew he was upon a dump because he was watching that side as there were erosions there. The railroad company was shown to have kept its yards lighted in the spring during the vegetable season, but the yards were not lighted, nor was the depot kept open at night at other times, nor was there any light on this embankment at the time the plaintiff was injured. It was further shown that the public, without any protest from the railroad company, indiscriminately drove upon this dump, driving over same from the north at the intersection of Main and Depot streets and running south seven or eight hundred yards. It was shown that the street proper was forty feet to the west of the dump, and that this street was kept lighted. Just immediately preceding the injury to plaintiff, her husband had driven upon this wide street, stopping in the elbow, and headed their car near the driveway upon the dump rather than turn back whence they came and go over the identical route.

It is clear from the evidence that the primary purpose of this graveled dump and the house track thereon was for railroad purposes. It is not contended that plaintiff,

nor her husband, nor any occupant of the Ford coupé was intending to transact any business with the railroad company, or that there was any reason for driving from the wide street to the narrow place which we have described. The Robertsons, on that occasion, were not paying any kind of visit, for pleasure or profit, to the railroad company. They were strangers to the town of Utica. The record fairly discloses that they did not know the directions nor the uses to which the various ways were put, nor did they know that people had indiscriminately used this way who saw fit to do so. It is undisputed that the railroad company was the owner of the property on which the injury occurred.

We think it is fairly deducible from the evidence that the town had exercised dominion over roadway proper. The railroad had given the town the gravel for Depot street, and the town, at its own expense, had put it on the street, and had always, for a long time, exercised municipal control of it, kept it repaired, etc., so that it is unimportant as to where the actual ownership of the land was vested.

To state these facts is to decide the case. The defendant railroad company was entitled to a peremptory instruction, and the plaintiff was not entitled to recover in this case. Mrs. Robertson was not an invitee of the railroad company, under the circumstances which we have detailed. Common sense must have dictated that it was erroneous to drive upon the dump alongside the railroad track, leaving the safe way they had traveled over, as they were intending to go back whence they came in order to take the route to Vicksburg.

But counsel for Mrs. Robertson insists that they were allured or enticed to go upon this dump because it was graveled. Could it be said that, because it was graveled, it held out temptation to induce parties to travel thereon, or that they had an invitation to travel on the railroad's right of way simply because of the fact that it was kept

in order and in good traveling condition? Temptation is not always invitation. Of their own volition, for reasons not satisfactorily explained to us, these people drove on this dump.

In Words and Phrases, Second Series, vol. 2, "Invitation," pp. 1190-1192, it is stated that temptation may be either express or implied. An examination of the cases cited discloses that invitation is inferred where there is some common interest or mutual advantage, while license is inferred where the object is mere pleasure or benefit to the person using it.

We think the case of *Illinois Central Railroad Co.* v. *Arnola,* 78 Miss. 788, 29 So. 768, 84 Am. St. Rep. 645, is directly in point, and that the occupants of the Ford coupé here were mere licensees; that they were not willfully of wantonly injured on this occasion by any act or failure to act on the part of the railroad company; and that it was not liable. Also, see *Yazoo Railroad Co.* v. *Cox,* 132 Miss. 571, 97 So. 7, and *Allen* v. *R. R. Co.,* 111 Miss. 267, 71 So. 386.

Plaintiff was a licensee and not an invitee, and we are of opinion that the peremptory instruction should have been given for the railroad company; that there was no liability on the railroad company.

The judgment of the court below is reversed and judgment will be entered here for the cross-appellant, the railroad company.

*Reversed and judgment here for cross-appellant.*