ILLINOIS CENTRAL RAILROAD CO. *v.* EDA BOWLES, ADM'X.

1. RAILROADS. *Unsafe car. Injury to employe. Const.* 1890, § 193.

   That part of § 193, constitution 1890, providing that "knowledge by an employe injured of the defective or unsafe character or condition of any machinery, ways or appliances shall not be a defense," etc., by a railroad company, has no application to a case where a defective or crippled car not used by the company in the prosecution of its business, but which has been condemned to the repair shops, has reached the station of its destination, and is being transferred therefrom to the shops, when an employe, in handling it as a condemned car, is injured.

2. SAME. *Handling crippled car. Contributory negligence.*

   In such case, where the employe, in the line of his duty, dealing with the car as disabled, with a view to detaching it and transferring it from the .

yard to the shops, signals the engineer to back, and, without examination and apparently oblivious to the imminent peril, presumably for the purpose of uncoupling, goes between the car and another to which it is chained, and is injured by the cars coming together because of the absence of a draw-head, he is negligent, and cannot recover.

3. SAME. *Failure to stop car at other shops. Immateriality.*

In such case, the journey having been completed in safety, and the injury occurring at the destination, it is immaterial that the car might have been left at shops on the route nearer the place of starting.

FROM the circuit court of the second district of Yalobusha county.

HON. WILLIAM C. McLEAN, Special Judge.

Action by Eda Bowles, as administratrix of the estate of her deceased husband, against the Illinois Central Railroad Company, to recover damages for personal injuries suffered by the intestate, who was employed as switchman or foreman of the yards of the defendant at Water Valley, Miss. On November 4, 1891, a north-bound freight-train arrived at the yards with several defective or crippled cars billed to the Water Valley shops. The switch-list of the train was, by the yard-master, under whom Bowles worked, delivered to him for the purpose of transferring the defective cars from the yard to the shops. This list showed the destination of the cars, but not their condition. One of the cars was without a draw-head, and, instead of being coupled, was chained to the next car. When this chain was drawn out, the cars were two or three feet apart, but otherwise they would come nearly together, within five or six inches of each other. In switching, Bowles signaled the engineer to back, and went between the cars, presumably to uncouple or unfasten them. He was then seen to jump back, but, as he did so, the cars came together, and he was caught between them and injured. He was picked up in an unconscious state, and died in less than an hour from the effect of the injuries, without having regained consciousness. It was shown that Bowles was an experienced and competent railroad man; that it was a part

of his duty to couple and uncouple cars in switching, and that it was dangerous to go between cars that were without draw-heads and chained together. These cars came from the vicinity of McComb City, where the defendant had shops at which cars were built and repaired, and they had passed Canton, where the defendant also had shops. On the trial the above facts, substantially, were shown, and plaintiff rested. Thereupon the defendant moved the court to exclude plaintiff's testimony and direct a verdict in its behalf. The motion was overruled, and defendant excepted.

Among other things, the defendant offered evidence to show that the deceased was warned of the dangerous condition of the cars he went between, and that he was guilty of contributory negligence causing his injury. On objection that contributory negligence had not been pleaded, and that the defense was not available under § 193, constitution 1890, the evidence was excluded.

The court refused a peremptory instruction for defendant; and, for the plaintiff, in effect, instructed that if the cars were taken to Water Valley in a dangerous condition, and that Bowles, in the discharge of his duty, not being wilfully or recklessly negligent, was injured by reason of their unsafe and defective condition, plaintiff was entitled to recover. The defendant asked instructions to the effect that plaintiff could not recover if Bowles knew of the defective condition of the cars that killed him, and voluntarily exposed himself to the danger; that, if he was careless and guilty of contributory negligence, causing the injury, plaintiff could not recover. These instructions were refused.

Verdict and judgment in favor of plaintiff for five thousand dollars. Motion for new trial overruled. Defendant appeals. The opinion contains a further statement of the case.

*Mayes & Harris*, for appellant.

Section 193, constitution 1890, has no application to this case. It was aimed at the *use* of defective implements, etc.,

and was intended to change the common law in only one particular. Under the common law, though it was the duty of the company to furnish reasonably safe machinery, yet, if the servant, with full knowledge, continued to use machinery that was defective, the company would not be liable for injuries. See 2 Rorer on Railroads, p. 1211; 14 Am. & Eng. Enc. L., p. 843. This is the only rule changed.

Neither at common law nor by the constitution are railroad companies insurers of the safety of employes. They are only liable for negligent failure to furnish safe appliances. 3 Woods on Railroads, p. 1455; 2 Rorer, p. 1216.

Every employe assumes the risks of his employment. *Hatter* v. *Railroad Co.*, 69 Miss., 642; 3 Woods on Railroads, p. 1452; 14 Am. & Eng. Enc. L., p. 842.

The appliances referred to in the constitution are those only which, at common law, the railroad company was required to furnish in a reasonably safe condition. The constitution does not make that negligence which was not such before. The removal or handling of disabled cars is not negligence, and, where the fact that they are in a damaged condition is known to employes, they take the risk of injury thereby. 2 Rorer on Railroads, p. 1215; 61 Ill., 130; 45 Wis., 98; 50 *Ib.*, 462; 58 Texas, 434; 64 *Ib.*, 660; 32 Minn., 54; 135 Mass., 418.

It is the duty of the company to remove damaged cars. Using them in the prosecution of its business is a very different thing.

There is absolutely no proof of negligence in this case. The company was simply transporting the disabled cars, as it had the right to do. It is not pretended that the cars were negligently handled. The court erred in assuming that the company was liable merely because the deceased was hurt while handling the disabled cars.

*Chapman & Chapman*, for appellee.

It was proper to refuse defendant's instructions as to con-

tributory negligence, first, because there was no evidence to support them, and, secondly, because, under § 193, constitution 1890, it was necessary to show recklessness or gross negligence on the part of deceased. He did not belong to the class excepted from the operation of the rule laid down by the constitution. The section is radical, sweeping and unambiguous, and will be enforced as written. *Welsh* v. *Railway Co.*, 70 Miss., 20.

An instruction without evidence to support it, though abstractly correct, should not be given. 46 Miss., 274; 48 *Ib.*, 451; 53 *Ib.*, 239; 55 *Ib.*, 414, 623.

It was wholly unnecessary to haul the disabled cars to Water Valley. They might have been stopped at McComb City or Canton.

The defendant was grossly negligent, and the verdict is fully supported by the evidence. Under the authorities cited and the above section of the constitution, the court properly excluded the defense of contributory negligence.

*R. F. Kimmons*, on the same side.

The cars, being fastened together by a chain, which was tightly drawn, were about the distance apart of cars safely coupled. The deceased, in the proper discharge of his duties, and not knowing the danger, went between the cars to uncouple them, when he was caught and killed. But for the lamentable negligence of the defendant in permitting the cars to be hauled over its road in this dangerous condition, the accident would not have occurred. Again, they might have been stopped at the McComb City or Canton shops, and were unnecessarily carried 200 miles to the Water Valley shops. The defendant was grossly negligent, and was properly held liable for the injury.

The court properly excluded the evidence offered to show contributory negligence, because only the general issue was pleaded. *McMurtry* v. *Railway Co.*, 67 Miss., 601. Besides, the contributory negligence offered constituted no defense.

Const. 1890, § 193 ; *Welsh* v. *Railway Co.*, 70 Miss., 20. There was no effort to show that the deceased was wilful or reckless. The judgment should be affirmed.

Argued orally by *J. B. Harris*, for appellant, and *S. S. Calhoon*, for appellee.

COOPER, J., delivered the opinion of the court.

The verdict and judgment in this cause find no support in law or in fact. There is no controverted fact in the whole record, and the court should have given the jury a peremptory instruction to find for the defendant. The unfortunate man whose death gave rise to the suit, brought destruction upon himself by failing to observe the slightest care in the discharge of his dangerous duty. Nor is there, upon the whole record, any ground to impute negligence to the de fendant. If, in the prosecution of its business, it had used crippled cars, and an employe, required to handle such cars, had been injured, the provision of § 193 of the constitution would have applied. But that provision has no application to the case of a car transported over the line of the company to its shops for repairs, and which has reached the place of its destination. If the disabled car, in being unnecessarily transported along the line of road, having been carried by a shop where it might have been repaired, had caused the train to be derailed, and injury inflicted, a different question would have been presented. But the car had reached the town in which the shops at which it was to be repaired were located. The unnecessary transportation, if it was unnecessary, from the vicinity of McComb City, by and through Canton, had ended, and had done no harm. The car in Water Valley, where the company had shops, was not more dangerous than it would have been in McComb City or Canton, where it may be that there were also shops. It was not dangerous because of its location or use, but because of its condition. It was not being used by the company as a car for the transaction

of its business, but was being transported as a disabled car, condemned to the repair shops, and had reached the yard of the company, from which it was to be shifted to the shops. The deceased, dealing with it as a disabled car, and controlling, by his will, the action of the engineer, called for the engine to be backed, and, without examination, stepped between the cars, on one of which there was no draw-head, without regard to their condition, and apparently oblivious to the imminent and deadly peril to which he exposed himself by giving the signal to back the train and instantly getting between the defective cars.

Under the uncontroverted facts of this case, no recovery can be had.

*The judgment is reversed, and cause remanded for new trial.*