JESSE JONES ET AL. *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD
COMPANY.

[44 South., 813.]

RAILROADS. *Appliances. Death of employe. Machinery.*

Where the machinery of a railroad company was of a kind in general use, approved by the experience of many roads, and neither defective nor unsafe, the company is not liable for a death resulting from its use, notwithstanding a promise to substitute therefor other and safer machinery which might have prevented the fatal accident.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Jones and others, appellants, were plaintiffs in the court below; the railroad company, appellee, was defendant there. From a judgment in favor of the railroad company, predicated of a peremptory instruction, the plaintiffs appealed to the supreme court.

The plaintiffs were the next of kin to Scott Jones, a locomotive engineer of the defendant, who was fatally injured by the derailment of the engine which he was operating, caused by striking a cow on the track; the body of the animal passed under the wheels of the engine and caused it to leave the track on a sharp curve. The declaration alleged negligence on the part of the railroad company, in that (1) the engine which was operated by Jones, at the time of his fatal injury, was equipped with what is known, in railroad parlance, as a "standard stub pilot," having a stationary coupler-bar, the pilot being shorter from heel to toe than it should have been, and that the stationary bar of the coupler constituted an obstruction, and interfered with the throwing from the track of objects struck by the engine, and that this condition with respect to the pilot and coupler

was unsafe, defective and dangerous; (2) that the conditions above set forth had been called to the attention of the railroad company by complaints from the Brotherhood of Locomotive Engineers, a protective order to which Jones belonged, and that the defendant company by its officers had promised to substitute safer appliances.

The railroad company denied that any promise had been made to substitute any other kind of pilot or coupler, and denied that the kind in use on its engine was dangerous, as compared with other kinds, or unsafe or defective in any way, but, on the contrary, constituted the standard pilot and coupler in use on the largest railroad systems throughout the United States; and that in using the same it was not guilty of negligence or failure of duty, and therefore not liable for the injuries to the engineer, under Constitution of 1890, sec. 193. The court below gave a peremptory instruction for the defendant, and the plaintiffs appealed to the supreme court.

*McLaurin, Armistead & Brien,* for appellants.

[The brief of appellant's counsel was lost or withdrawn from the record before it reached the reporter.]

*Mayes & Longstreet,* and *C. N. Burch,* for appellee. •

It was shown in evidence, and without dispute, that the pilot with the bar-coupler attached, in use on the engine operated by the decedent, was one of a kind in almost universal use by the greater railroad systems of our country. From the depositions of the master mechanics, engine foremen and experienced engineers of several different railroad systems, the appellee proved that many stub pilots, in use on different railroads, were shorter in length than the stub pilots, including the one above mentioned, used on appellee's line. It is true that the appellants offered evidence to the effect that some few systems use a longer pilot and flexible coupler, but while it is always the case that some persons and some corporations will at once

adopt and experiment with recent inventions and innovations, this does not in any wise render reprehensible the continued use by others of appliances reasonably safe and advantageous. Nor is it contended by the appellants that the use of any other pilot and coupler, even of the kinds advocated or suggested by appellant's, would prevent derailments on account of the engine's striking obstructions on the track. The accident which caused the death of the engineer was one that was unavoidable, in so far as concerned having this or that kind of pilot. The main witnesses for the appellants content themselves with merely saying that other kinds of pilots might probably lessen the chance of rolling the engine from the track on striking obstructions.

The proof utterly failed to show that the pilot in use on the engine operated by the decedent, was in any way defective.

The act of 1898, authorized by sec. 193 of the state constitution, is made to apply to all personal injuries of servants or employes resulting in death, which may be due to the negligence of the master. *Bussey* v. *G. & S. I. R. R. Co.,* 79 Miss., 597. It is shown in evidence that the engineer, Jones, stated to a friend, some short while before the fatal accident, that he hoped there would be a change to a longer pilot and a turn-back coupler. He, therefore, had full knowledge of the condition of the pilot and coupler. And as he voluntarily operated the engine with such knowledge, there can be no liability against appellee based upon sec. 193 of the state constitution, for such section specially excepts from the section "conductors and engineers in charge of dangerous or unsafe cars or engines voluntarily operated by them."

It is not the duty of the master to furnish the best machinery and appliances obtainable. His duty is discharged when he furnishes machinery and appliances which are reasonably safe and suited for the intended use, and of the character ordinarily in use. *Hatter* v. *Illinois Central Railroad Co.,* 69 Miss., 642, 13 South. Rep., 827. See also, to the same effect, *Kent* v.

*Yazoo, etc., R. R. Co.,* 77 Miss., 494; *Illinois Central R. R. Co.* v. *Woolley,* 77 Miss., 943; *Wonder* v. *B. & O. R. R. Co.,* 3 Am. Rep. (Md.), 146; *Smith* v. *St. Louis, etc., R. R. Co.,* 33 Am. Rep. (Mo.), 484; *Georgia R. R. Co.* v. *Provost,* 3 South. Rep., 764; *Marsh* v. *Chickering,* 5 N. E. Rep., 56; *Louisville & Nashville R. R. Co.* v. *Allen,* 78 Ala., 494.

Argued orally by *A. A. Armistead,* for appellants, 'and by *J. C. Longstreet,* for appellee.

MAYES, J., delivered the opinion of the court.

On the hearing of this case, after the testimony was all in and the case fully developed, the circuit judge gave a peremptory instruction to find for the railroad company. We think the action of the court was proper. The facts proven did not warrant a recovery. The appliance which it is claimed was defective, and by reason of which it is alleged that Scott Jones lost his life, is one of a kind in universal use and approved by the experience of a number of railroads, and in itself is not defective or unsafe. The change desired in the appliance, which it is contended the railroad company promised should be made, if it be conceded that the facts show there was a promise, was not a defect called to the company's attention and a promise to repair a defect existing in the appliance, but was a promise to change from a safe to a safer appliance. In all the cases cited by the learned counsel for appellants, the facts show, where there was a promise to repair and the master was held liable, it was a promise to repair an existing defect, admittedly so. The proof in this case utterly fails to show that the pilot in use was in any sense a defective pilot. In the language of the case of *Hatter* v. *Illinois Central R. R. Co.,* 69 Miss., 642, 13 South., 827, "to hold the employer liable for the injury sustained would, as it appears to us, be to declare that railroads are responsible for injuries to their servants in all

cases in which the safest appliances in use are not secured by them." We cannot so hold.

*Affirmed.*

WHITFIELD, C. J., dissents.