COLUMBUS & G. R. Co. *v.* COLEMAN.

(Division B. March 11, 1935.)

[160 So. 277. No. 31563.]

Frank E. Everett, Jr., and Gardner, Denman & Gardner, all of Greenwood, for appellant.

518

**Wynn, Hafter & Lake,** of Greenville, for appellee.

Argued orally by **A. F. Gardner** and **Frank Everett, Jr.**, for appellant, and by **Jerome S. Hafter**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee was a member of a section crew on appellant railway, and, according to his evidence, was injured in an accident to a railway push car, which, at the time, was being used as a motor car trailer. The declaration is vague and general, and the evidence partakes largely of the same quality, but it would seem that although much is said in general terms of inducement about the equipment being old and antiquated, the particular negligent defect upon which the case is planted is that the coupling between the motor car and the trailer was worn and defective, and that as a proximate consequence thereof the trailer became uncoupled from the motor car, and that this happened at the moment when appellee was in the act of stepping from the trailer to the motor car, and that thereby he was caused to fall between them to his injury.

The determinative factual details as to the asserted defect in the coupling are not definitely disclosed in the evidence. Appellee testified that the coupling consisted of a chain "fastened into the hook, loop the chain in that hook and it was worn so it was loose and would turn over," and that the chain was fastened to the motor car with a piece of wire. And he said, "the push car was an old worn out car and had holes all in it and where the chain was fastened to the hook was wobbling every way the whole time it was going on the track." Appellee's corroborating witness testified: "That the hook screwed up there, somebody bored an augur hole, and it had worn loose and the least little thing started turning the hook over and the push car and the motor car came apart. . . . It was an old push car, the wheels

wobbled. . . . The hook was loose in the front end. . . . You see the chain was fastened to the motor car with a wire and a link of the chain came back here and fastened in the hook on the push car."

It will be observed that it cannot be told whether the defect complained of was in the book, or in the chain, or in the push car itself. Perhaps the best that can be made of the statements is that the hook was worn or defective, or else its attachment to the car was worn or defective, so that the hook would turn; but we are left to surmise as to how that condition of the hook caused the accident, and particularly are we left to surmise whether the condition so vaguely described was such as to cause a reasonably prudent person to have reasonably anticipated that some such accident would probably, not possibly, happen as a result thereof. And if we look beyond the hook, we are left even more to conjecture; besides which we are left in doubt as to the degree in which the quoted statements are involved in an admixture of fact and opinion. Nearly everything we use in daily life is worn to some extent, and the point at which wear will have created a dangerous defect is in many, if not most, cases a matter of opinion. The normal function of a witness is to state facts; the province to arrive at opinions from the facts belongs to the jury; and the issue here is not within any of the exceptions to the normal rule. In such a case as this, the assertions of a witness which involve an admixture of fact and opinion are not adequate to the support of the affirmative of an issue. Mobile & O. R. Co. v. Bryant, 159 Miss. 528, 536, 132 So. 539.

In this state of the record appellee obtained the following instruction: "You are instructed that if you believe from a preponderance of the evidence that the defendant railroad furnished to plaintiff a worn out or defective car or equipment with which to work and that such

defective equipment or car was the proximate cause of plaintiff's injury, you will find for the plaintiff and fix the damages according to the law and the evidence.'' This instruction is erroneous, as any careful reading of it will disclose. It would appear that in the pleadings, evidence, and instructions there was a failure of strict attention to the following well-settled principles of the substantive law.

1. It is the universal rule wherever the common law prevails that the duty of the master in regard to tools, equipment, and places to work is not that of an insurer, is not an absolute duty, but is simply to exercise reasonable care to furnish the servant with reasonably safe tools and appliances, and likewise as to a safe place to work. Gulfport Creosoting Co. v. White (Miss.), 157 So. 86, 87.

2. The rule is that the master is not required to furnish the newest, best, and safest machinery, appliances, and places to work, but his obligation is met when he exercises reasonable care to furnish such as are reasonably safe and suitable for the purpose had in view. Vehicle Woodstock Co. v. Bowles, 158 Miss. 346, 353, 128 So. 98.

3. In order that a person, doing a particular act which results in injury to another, shall be liable therefor, the act must have been of such character and done in such situation that the person doing it should have reasonably anticipated that some injury to another will probably result therefrom. Actionable fault on the part of a defendant must be predicated on action or non-action, accompanied by knowledge, actual or implied, of the facts which make the result of his conduct not only a probable result, but a result also which he should, in view of those facts, have reasonably anticipated. Williams v. Lumpkin, 169 Miss. 146, 152, 152 So. 842.

4. Courts in civil cases act upon reasonable probabilities. In trials under the common law, to prove

a possibility only, or to leave the issue to surmise or conjecture, is never sufficient to sustain a verdict. New Orleans & N. E. R. Co. v. Holsomback, 168 Miss. 493, 495, 151 So. 720; Berryhill v. Nichols (Miss.), 158 So. 470, 471; Masonite Corporation v. Hill (Miss.), 154 So. 295, 95 A. L. R. 157. Except in rare cases, of which this is not one, proof, without more, that a certain event transpired as a result of a stated condition, is proof only of the possibility and does not establish the probability. Jabron v. State (Miss.), 159 So. 406. And the issue of probability must be shown by facts as facts, so that the jury shall determine that issue for themselves without the intrusion therein of the opinion of nonexpert witnesses; and further, as already mentioned, the proof must show that the probability was a reasonable probability, reasonably to have been anticipated by a reasonably prudent person, and the jury must also decide that further issue from facts as facts, which must be substantially sufficient in detail to support the conclusion, should the jury so find.

The course of the proceedings would indicate that the inattention above referred to had its existence in the notion, not infrequently to be detected in the presentation of negligence cases, that if some general default on the part of the defendant can be shown, as, for instance, that a push car with wobbly wheels has been furnished or a worn coupling hook, and an injury has resulted which can be traced to the asserted negligence even as a possibility, this will be sufficient to sustain a verdict upon some sort of supposed effect prima facie of the showing so made. In whatever mental disguise that notion may be clothed, it is at last the doctrine of res ipsa loquitur; but, as was pointed out in the recent case, Gulfport Creosoting Co. v. White, supra, that doctrine or anything similar to it has no such magic in its operation as is thus so often sought to be worked by it in

the ordinary negligence case. The field of the use of the doctrine res ipsa loquitur is strictly limited, and justly so. Some courts do not recognize it at all in master and servants cases.

In the connection mentioned in the last paragraph, we may note that appellee argues that the above-quoted erroneous instruction is cured or made correct when read with an instruction procured by appellant to the effect that before a verdict could be found against the defendant it must be shown by the evidence that the defendant was guilty of some act of negligence which caused the plaintiff to be injured. In the recent case, Durrett v. Mississippian Ry. Co. (Miss.), 158 So. 776, the rule in regard to the curing of erroneous instructions was restated by way of summary as follows: "Instructions are to be considered together; and, although there may be one or more, which, when separately considered, would be technically erroneous, if nevertheless they may be harmonized with the other instructions in such a manner that it may be safely said that the harmonized result has presented a fairly correct statement of the law applicable to the case, the technical errors will not reverse the verdict and judgment." And proceeding here, as we did in that case, if we should attempt to harmonize the two instructions in the case now before us, we would have the result that the court has told the jury that while some negligence on the part of the defendant must be shown, yet, if the defendant furnished a worn-out or defective car or equipment, this would be sufficient to supply the essential element of negligence, and that the facts thus stated in combination would be all that was required for a verdict when, as the authorities above referred to show, this is far from completing the proof necessary to sustain a verdict in respect to actionable negligence.

Reversed and remanded.