## ROBERTS v. LOUISVILLE & N. R. CO. et al.

### No. 9439.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1940.

U. B. Parker, of Wiggins, Miss., for appellant.

Harry H. Smith and Charles B. Arendall, Jr., both of Mobile, Ala., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On July 15, 1936, Gilbert N. Roberts, an employee of the Louisville & Nashville Railroad Company, was engaged with others in making repairs on the railroad's freight depot at Pascagoula, Mississippi. As he attempted to close a large sliding door it fell upon him and he was severely and permanently injured. He brought suit for damages against the railroad.

At the conclusion of the evidence offered for the plaintiff the court permitted him to amend his declaration to include the following: " * * * that the door was jammed or cramped so that it could not be moved or shut by hand as it should have been, and further, the said door did not have fitted thereon in connection with the rollers and the track on which they run to open and shut same, guards to keep the rollers from jumping off the track, and permitting the door to follow, if it should become jammed or cramped, and that plaintiff had no knowledge of such unsafe condition of the door or the rollers affixed thereon, but the defendant did know of such unsafe condition of said door and the rollers thereof, or should have known thereof by use of ordinary and reasonable care. * * *."

After the amendment the plaintiff moved the court for a continuance of at least one day so that he could procure witnesses to establish the truth of his amended declaration. The court overruled the motion for continuance and on motion of the railroad gave the jury a peremptory instruction to return a verdict for the defendant. Judgment on the verdict so rendered was entered and the plaintiff brings this appeal.

Only the evidence of the plaintiff is before us and it is without dispute. Roberts had been in the employ of the defendant railroad as a carpenter for about twenty years. At the time of his injuries he was assigned to "System Gang No. 3", and his duties consisted of building and mending bridges, culverts, houses, warehouses, and depots.

The warehouse or freight depot at Pascagoula was in bad condition as the result of damage by termites. Many new sills were being installed and the upright supports and parts of the flooring were being repaired. In places about the warehouse the floor had sagged and the carpenters, in making the necessary repairs, had lifted or "jacked up" the floor until it pressed against the large sliding warehouse door and prevented its free movement along the carriage. Along about quitting time in the afternoon Carpenter, the foreman in charge of repairs, attempted to close the sliding door with his hands in the presence of the plaintiff. When he failed to move the door he remarked to Roberts, "It is too much for me." He then told Roberts to gather up the tools and close the door and that he would send some one to help with the tools. Roberts attempted to close the door with a peavy, a stout lever like a cant hook but having a spiked end. With the aid of the peavy he was able to force the door about three feet, and as he was about to set the peavy aside the door which weighed about three hundred pounds fell upon him.

The evidence shows that Roberts with other carpenters had worked on several parts of the warehouse and that on the afternoon of his injury he had worked across the warehouse opposite the door which fell and injured him. The warehouse was about one hundred feet long and had a sliding door on each side. The doors operated on rollers which rolled along iron tracks fastened to boards on the walls. Plaintiff had seen this kind of door for years. He testified that he knew all about how they worked; that he had been repairing such doors off and on for twenty years; that there was

nothing complicated about them; that they were just as simple as a barn door. He further testified that he might have to open and close one of such doors to find out what was the matter with it; that he could go there and examine it and tell what was the matter; that when he went to close the door that injured him, he found that it was pressing or binding against the floor; that it would not move freely; that was the only trouble with the door; and that no one directed him to use the peavy; and that the use of the peavy was his own idea.

Roberts does not contend that he was given an unsafe place in which to work. This was his claim in the first declaration but he abandoned it. His sole complaint here is that the court erred by refusing to permit a delay of the case so that he could attempt to secure proof in support of the allegations in the amended declaration that the defendant railroad had negligently failed to provide and install guards to prevent the door from falling.

It is true that guards were not installed on the doors to prevent them from falling in the event they became jammed or cramped. Proof of the facts alleged in the amended declaration might have been sufficient to carry the case to the jury if the one working on the door had been unacquainted with its condition and mechanism. This will in no wise aid the plaintiff for he knew how the doors were installed; he knew each and every detail of their mechanism; and he knew that they were not equipped with guards. If he had requested help from his foreman we would have a different case, but he did not do this. He had watched the foreman attempt to close the door, and with full knowledge that the floor was binding against the door he attempted to close the door in his own way. It was his idea to use the peavy to force the door closed. By use of the peavy he pried the door from its carriage and was thereby injured. His injury was the result of his own negligence and he may not recover. Brown v. Coley, 168 Miss. 778, 152 So. 61; Goodyear Yellow Pine Co. v. Clark, 163 Miss. 661, 142 So. 443; Anderson-Tully Co. v. Goodin, 174 Miss. 162, 163 So. 536; Illinois Central Railroad Company v. Bowles, 71 Miss. 1003, 15 So. 138.

The judgment is affirmed.