## SLAYTON v. NOONAN et al.
### No. 10253.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1943.

Rehearing Denied April 2, 1943.

Ben D. Turner, of Mobile, Ala., and Paul S. Jones, of Grove Hill, Ala., for appellant.

Geo. W. Yancey, of Birmingham, Ala., Francis H. Inge, of Mobile, Ala., and Fred G. Koenig, Sr., of Birmingham, Ala., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

---

HOLMES, Circuit Judge.

This appeal is from a judgment for defendant entered upon a directed verdict in a suit for damages for the alleged wrongful death of appellant's intestate. Many errors are assigned, but the only question seriously presented is whether the evidence required submission of the case to the jury.

Otto Slayton was employed by appellees as a truck driver on a construction project in Coahoma County, Mississippi. On January 27, 1940, a bitterly cold morning when frozen snow and ice covered the road, he was directed to drive his truck on company business to Clarksdale, Mississippi. He was approaching the city on that mission when his truck left the road at an abrupt curve on a downslope, and plunged through an adjacent fence, turning over several times and stopping on its wheels fifty to sixty feet from the shoulder of the highway. Appellant sustained mortal injuries.

It is contended that the proximate cause of the accident was the negligence of the employer in sending Slayton out in such weather without providing him a safe truck in which to make the trip. The truck was alleged to have defective brakes, defective steering apparatus, inadequate protection from the weather, and to be without chains on its wheels. There is evidence in the record that the steering and brakes were in poor condition several days prior to the accident, but it is uncontradicted that the decedent was then engaged in repairing those defects, and that the brakes and steering were operating satisfactorily immediately before and after the accident. It is also shown that the truck had no cab, and that the driver was without protection from the elements except for the windshield, but no chain of causation links this circumstance with the injuries sustained.

■ Stress is laid upon the failure of the company to equip the truck with chains before sending it out in the ice and snow. One witness testified that the truck could have been operated more safely under the prevailing conditions if its tires had carried chains, and there was evidence that many of the vehicles operating in the vicinity at the time were so equipped; but the evidence failed to show that chains were considered standard equipment for trucks so operating, or that it was not safe to operate trucks without chains under the prevailing conditions. The substantive law of Mississippi, which admittedly is controlling here, imposes upon the master the duty to exercise only ordinary care to provide his servants with reasonably safe accommodations and instrumentalities with which to do their work; it does not require that he take unusual precautions or that he insure the safety of his servants.[1]

■ Appellant was a skilled truck driver, was accustomed to the truck he was handling, and was familiar with the road he was travelling and the hazards it presented on the day of the accident. The testimony, corroborated by the physical facts, shows that Slayton was travelling 25 or 30 miles per hour when he entered the curve. The inference from all the evidence, and the only inference warranted by it, was that such reckless speed was the proximate cause of the accident.

■ In these circumstances the directed verdict for the appellee was proper.[2] The judgment appealed from is affirmed.

[1] Vehicle Woodstock Co. v. Bowles, 158 Miss. 346, 128 So. 98; Hammontree v. Cobb Const. Co., 168 Miss. 844, 152 So. 279; Gulfport Creosoting Co. v. White, 171 Miss. 127, 157 So. 86; Columbus & Greenville Ry. Co. v. Coleman, 172 Miss. 514, 160 So. 277; Newell Contracting Co. v. Flynt, 172 Miss. 719, 161 So. 298, 743; Eagle Cotton Oil Co. v. Pickett, 175 Miss. 577, 166 So. 764.

[2] Brown v. Coley, 168 Miss. 778, 152 So. 61. Cf. Roberts v. Louisville & N. R. Co., 5 Cir., 111 F.2d 826; Martin v. Beck, 177 Miss. 303, 171 So. 14.