ILLINOIS CENTRAL RR. Co. *v.* YAWN, et al.

No. 39809          December 5, 1955          83 So. 2d 756

78

*Byrd, Wise & Smith,* Jackson; *E. L. & W. W. Dent,* Collins; *Bonnie Smith,* Collins, for appellant.

*John K. Keyes, John Kervin, Jr.,* Collins, for appellee.

ETHRIDGE, J.

This is a tort action brought by the appellee Willie L. Yawn in the Circuit Court of Covington County, against the Illinois Central Railroad Company. The judgment appealed from awarded Yawn damages of $1000.00. However, appellee failed to prove any negligence on the part of the railroad company which would support this judgment.

On September 25, 1954, a freight car owned by appellant was placed by it on a side track in Collins, Mississippi. The Hattiesburg Compress Company loaded it with cotton. Yawn and Ellery Warren were employees of the Hattiesburg Compress Company. Their superior, Alton Flint, directed them to close the east door on the freight car after it had been loaded. The width of the door and of the door opening is six to eight fee. It weighs 275 to 300 lbs. It was already closed except as to the last two to three feet. The door was of a sliding type, with a handle on it in the middle for use in closing it. On the front end of the door was a latch eight or ten inches long, which was placed there to be used in latching it after closing it, and before sealing it. Yawn testified that Warren grabbed the door by the handle in the middle, and started pulling it, but since he could not close it alone, he, Yawn, attempted to help him by grabbing the latch on the front end. When they pulled the door together Yawn's left hand slipped off of the latch and was jammed between the frame and the door, severely injuring two fingers of that hand. Immediately

after it closed on his hand, Warren jerked the door back open. Yawn said that one man could ordinarily close such a door if it were in proper working order. He was asked how he could account for his hand slipping off the latch. He said that he did not know why; that his hand just slipped; that there was no grease on the latch; that the only thing he could think of was that "when the door give . . . it give so quick, I must have relaxed my grasp and my hand slipped off . . ."

Ellery Warren testified that he had caught hold of the handle to pull the door, but could not close it by himself, so Yawn grabbed the latch to help; that ordinarily such doors could be closed by one man. He conceded the handle and not the latch was placed there for the purpose of opening and closing the door. When the door caught Yawn's fingers, Warren opened it by himself. Warren did not know how Yawn got his fingers caught in the door. He was not looking at Yawn at that time. He was asked whether he saw any defects in the door. He replied "No, sir, not so far as I know." He did not examine the track on which the door slides.

Alton Flint testified that, on Monday following the Saturday of the accident, he tried to close the door by himself and could not. But he admitted that the door was all the way open at that time. He said that when the door got two to three feet from being closed, he had no difficulty in closing it alone and easily. He saw no defects in the tracks or the rollers on the door, or in the latch.

The defendant railroad offered several witnesses as to general inspections of this car when the doors were sealed several days before the accident, and two witnesses testified that they inspected the car three days after Yawn was injured, tried the door and saw no defects in it.

■■ ■ Plaintiff's evidence, viewed in its most favorable light, wholly failed to make out a case of negli-

gence by defendant. None of his witnesses testified that the door was defective or in what way it was defective. In fact, plaintiff's witnesses conceded that they found nothing wrong with the door, and knew of no defects. The testimony that ordinarily a door of this type can be opened by one man, and that Yawn and Warren found it took both of them to close this one, does not warrant an inference of defective condition of the door, especially when this isolated factor is considered with reference to the testimony of plaintiff's witnesses that they saw and knew of no defects in the door. In order to recover, appellee, a business invitee, would have to show that the door was in defective condition, and that appellant knew, or by the exercise of reasonable care should have known, that it was defective. 65 C.J.S., Negligence, Sec. 5; 75 C.J.S., Railroads, Sec. 924 d; Columbus & Greenville R. Co. v. Coleman, 172 Miss. 514, 160 So. 277 (1935). He wholly failed to meet this burden of proof. So the trial court erred in refusing to give appellant its requested peremptory instruction.

Reversed and judgment rendered for appellant.

*Hall, Lee, Kyle* and *Gillespie,* JJ., Concur.