CLARK *v.* VARDAMAN MANUFACTURING COMPANY, et al.

No. 43013          April 13, 1964          162 So. 2d 857

*Jeff Busby,* Houston, for appellant.

*Armis E. Hawkins,* Houston; *Paul M. Moore,* Calhoun City; *Daniel, Coker & Horton,* Jackson, for appellees.

PATTERSON, J.

The injury of the appellant in this case arose out of the same accident which resulted in the death of Eben May for which suit was brought and which is reported in May v. Vardaman Manufacturing Co., Inc., et al., 244 Miss. 261, 142 So. 2d 18. Since the evidence in that case failed to show negligence on the part of the defendant Manufacturing Company, the trial court directed a verdict for it. The court's action in so doing was affirmed by this Court in the above styled cause.

On the facts, these two cases are substantially the same. In the present appeal the appellant simply failed to prove that the appellee was guilty of any negligence which proximately caused or contributed to the injury on the occasion of the collapse of the building. The appellant contends, however, that since it is undisputed the building on which appellant was working collapsed thus causing his injury that the doctrine of res ipsa loquitur should apply. ▮▮ ▮ This Court has heretofore held that the doctrine of res ipsa loquitur should be strictly limited and cautiously applied. Columbus & G. R. Co. v. Coleman, 172 Miss. 514, 160 So. 277; J. C. Penny Co. v. Evans, 172 Miss. 900, 160 So. 779, ▮▮ ▮ and as set forth in 38 Am. Jur., Sec. 295, the following conditions precedent to the application of the rule are required:

". . . (1) The accident must be of the kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or an instrumentality within the exclusive control of the defendant; (3) It must not have been due to any involuntary action on the part of the plaintiff; and (4) plaintiff must not be in a position to show the particular

circumstances which caused the offending agency or instrumentality to operate to his injury.''

██ ██ It is obvious here that the appellant was in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury. This he failed to do. We are of the opinion therefore, that the doctrine of res ipsa loquitur is not applicable and the trial court properly refused to submit the case to the jury on that theory.

For the foregoing reasons the judgment of the circuit court is hereby affirmed.

Affirmed.

*Lee, C. J., and Ethridge, Gillespie, and Brady, JJ.,* concur.