298 So.2d 698 (1974)
Emily Katherine MORGAN et al.
v.
MISSISSIPPI POWER COMPANY, INC., a corp.
No. 47614.
Supreme Court of Mississippi.
August 5, 1974.
*699 Larry O. Norris, Samuel E. Farris, James Finch, William W. Wicht, Jr., Hattiesburg, for appellants.
Eaton, Cottrell, Galloway & Lang, Gulfport, Deavours, Weems & Gilchrist, Laurel, for appellee.
ROBERTSON, Justice:
Mrs. Emily Katherine Morgan and her thirteen children, brought suit in the Circuit Court of the First Judicial District of Jones County, against Mississippi Power Company for the wrongful death of Herman Grover Morgan, her husband and the father of her children, who was electrocuted on April 18, 1967, while working on the transmission lines of Mississippi Power Company. At the close of plaintiffs' case, the trial court sustained a motion for a directed verdict for the defendant.
The court was of the opinion that the doctrine of res ipsa loquitur was not applicable in this case, and that there was no proof of negligence on the part of the defendant.
The deceased, Herman Grover Morgan, was an employee of Gulfport Construction Company. The construction company had been employed by Mississippi Power Company to erect a new set of poles along Queensburg Avenue in the City of Laurel, to string 110,000 volt lines on these new 80-foot poles, and to transfer existing 3-phase lines from the old poles to cross-arms of the new poles, which cross-arms were about 30 feet above the ground.
About 10 o'clock on the morning of April 18, 1967, Morgan and others were working on the new line of poles on Queensburg Avenue. Lavon Bullock, a fellow employee, had passed through the two 3-phase lines which had been transferred from an old pole to the cross-arm of Structure 35 (one of the new 80-foot poles) and had proceeded to the top of the pole preparatory to stringing the 110,000 volt line along the top of the pole. Morgan followed Bullock up the new pole. He passed through the two 3-phase lines and "safetied off" just above the cross-arm holding the two 3-phase lines.
Ronnie Bastine, a fellow worker, had just begun to climb the new pole when he heard a buzzing sound above him. He looked up and Morgan was hanging upside down with his knee against the 3-phase line next to the pole. Morgan was dead when they got him to the ground.
Robert R. Wright, Division Manager of Mississippi Power Company at Laurel, Mississippi, was called as an adverse witness by the plaintiffs. He testified that Mississippi Power Company owned the electrical transmission lines on Queensburg Avenue in Laurel, and transmitted and sold electricity to residences on Queensburg Avenue through feeder lines which the Company also owned. Wright further testified that Mississippi Power Company owned and controlled the live electrical current in all of those lines.
Plaintiffs charged in their declaration, and defendant admitted in its answer, that before the work was begun by Gulfport Construction Company that "an agent and employee of Mississippi Power Company *700 acting within the scope of his employment" accompanied the foreman of Gulfport Construction Company "on an inspection of the job site at Laurel, Mississippi, pointing out the details as to where the power lines were to be placed and further pointed out which lines were hot lines and which lines were dead lines and particularly pointed out to Mr. A.H. Mims, the foreman for Gulfport Construction Company, that the above mentioned 3-phase line was a dead line."
Bastine testified that they had been working on the new line of poles and the electrical lines on Queensburg Avenue continuously for two or three months, that they understood that these old 3-phase lines were dead lines, and that they relied on the information that they had received that these were dead lines.
In Johnson v. Foster, 202 So.2d 520 (Miss. 1967), three of the elements of the doctrine of res ipsa loquitur were stated:
"(1) the accident must be of a kind which ordinarily does not occur in the absence of someone's negligence;
(2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and
(3) it must not be due to any voluntary action on the part of the plaintiff." 202 So.2d at 524.
This Court also said:
"[R]es ipsa loquitur is a rule of circumstantial evidence from which the jury is entitled to draw an inference of the defendant's negligence. This is usually a permissible inference, however, and the jury is not bound to infer negligence even where there is no rebutting evidence." 202 So.2d at 524.
In Clark v. Vardaman Manufacturing Company, 249 Miss. 42, 162 So.2d 857 (1964), one other element was listed:
"(4) plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury." 249 Miss. at 44, 162 So.2d at 858.
All four of these elements of the doctrine of res ipsa loquitur were present in this case. It was a rather classic case for the application of this doctrine.
The trial court erred in sustaining defendant's motion for a directed verdict at the close of plaintiffs' case. Its judgment is reversed and this cause remanded for a new trial.
Reversed and remanded.
GILLESPIE, C.J., and SMITH, SUGG and BROOM, JJ., concur.