LEE, Justice:
This is an appeal by Western Surety Company from the Circuit Court of Jackson County which entered judgment upon a jury verdict in favor of the State of Mississippi for the use and benefit of W. F. Seals, Sr., d/b/a B & B Motors, against Falcon Park Motor Company, Inc., and Western Surety Company in the sum of two thousand five hundred dollars ($2,500.-00). Falcon does not appeal.
According to the allegations of the declaration, on April 25, 1973, Seals purchased a 1971 Chevrolet Impala automobile from Falcon, a designated agent of the Mississippi State Motor Vehicle Comptroller. Falcon had entered into bond in the sum of five thousand dollars ($5,000.00) with the State of Mississippi for the faithful performance of its duties of properly titling motor vehicles. The bond was executed by Western Surety Company. Falcon was acting as such designated agent at the time it sold the automobile to Seals, and it failed to perform its duties as such agent in selling Seals the vehicle, which was not properly titled and which was a stolen vehicle, and in failing to ascertain that the vehicle had good title. As a result of Falcon’s failure to perform its said duties, Seals, who sold the vehicle to a customer, sustained damages.
Appellant admitted that Falcon was a designated agent of the State Motor Vehicle Comptroller and, on April 25, 1973, was acting as agent of the Comptroller in licensing and titling automobiles and for the purposes of the Motor Vehicle Title Law. Appellant further admitted that Falcon entered into bond with it for the faithful performance of its duties of properly titling motor vehicles.
Falcon admitted that Seals purchased the automobile from it, and Falcon made the same admissions as appellant with reference to being and acting as a designated agent.
*575 Appellant contends the trial court committed four errors which require reversal of the case.
I.
The trial court erred in refusing to grant appellant’s motion for a directed verdict, peremptory instruction and new trial.
In support of this point, appellant argues:
(1) There can be no liability under the bond unless Falcon failed to faithfully perform its duties as a designated agent. The evidence is uncontradicted that Falcon took no action as a designated agent with respect to the subject car. Therefore, even though it may have been negligent in failing to discover a defect in the title, this negligence did not occur at a time when it was performing said duties.
(2) Falcon was a dealer holding the automobile for sale and it was exempt by Mississippi Code Annotated § 63-21-11(b) (1972) from performing the duties of a designated agent as required by Mississippi Code Annotated § 63-21-11 and § 63-21-15 (1972) of said law.
(3) A dealer (designated agent) does not apply for a title after a wholesale transaction, but waits until the vehicle has been sold at retail before he applies for a title.
We do not agree with this argument and are of the opinion that there is no merit in this Assignment No. I.
The subject car came from the State of Alabama, which state has no title registration law. Title is acquired there simply by a bill of sale and tag receipt. Falcon purchased the car from Alfred Massey who gave it a bill of sale purported to have been signed by Jack Waller, and he also gave it a tag receipt. The line where the vendee’s name should appear was left blank, such being referred to as an open bill of sale. Falcon’s owner did not see Waller execute the bill of sale.
When Falcon sold the car to Seals, it manually passed to him the papers received from Massey, and it received the purchase price of the automobile. No effort was made to comply with any duties of a designated agent as set forth in the statute. Seals subsequently sold the automobile to an individual customer and caused papers for title to be sent to the Comptroller. It developed that the title was not valid, the FBI impounded the vehicle and Seals sustained the loss.
Falcon failed to perform the duties required of it by Mississippi Code Annotated § 63-21-9(b) (1972), which is as follows:
“(b) After July 1, 1969, any dealer, acting for himself, or another, who sells, trades or otherwise transfers any used vehicle as defined in this chapter, shall furnish to the purchaser or transferee, without charge for either application or certificate of title, an application for title of said vehicle and cause to be forwarded to the motor vehicle comptroller any and all documents required by the motor vehicle comptroller to issue certificate of title to the purchaser or transferee. The purchaser or transferee may then use the duplicate application for title as a permit to operate vehicle as provided in section 63-21-67, until certificate of title is received.”
Falcon failed to perform the duties required of it by Mississippi Code Annotated § 63-21-15 (1972). Significant duties required by said section are:
“(2) The application shall be accompanied by such evidence as the comptroller reasonably requires to identify the vehicle and to enable the comptroller to determine whether the owner is entitled to a certificate of title and the existence or nonexistence of security interests in the vehicle, and whether the applicant is liable for a use tax as provided by sections 27-67-1 to 27-67-33, Mississippi Code of 1972.

*576 (5) Each application shall contain or he accompanied by the certificate of a designated agent that the vehicle has been physically inspected by him and that the vehicle identification number and descriptive data shown on the application, pursuant to the requirements of subsection (l)(b) of this section, are correct, and also that he has identified the person signing the application and witnessed the signature.
(6) If the application is for a first certificate of title on a vehicle other than a new vehicle, then the application shall conform with the requirements of this section except that in lieu of the manufacturer’s statement of origin, the application shall be accompanied by a copy of the bill of sale of said motor vehicle whereby the applicant claims title or in lieu thereof certified copies, of the last two years’ tag and tax receipts or in lieu thereof such other information the comptroller may reasonably require to identify the vehicle and to enable the comptroller to determine ownership of the vehicle and the existence or nonexistence of security interest in it. If the application is for a vehicle last previously registered in another state or country, the application shall also be accompanied by the certificate of title issued by the other state or country, if any, properly assigned.”
Falcon was not exempted from obtaining a certificate of title under Mississippi Code Annotated § 63-21-11 (1972), which provides :
“No certificate of title need be obtained for:

(b) A vehicle owned by a manufacturer or dealer and held for sale, . . . .”
Falcon was not required to obtain a certificate of title for the vehicle as long as it held same for sale. The statute does not limit sale to retail sale, nor does it exclude a sale to another dealer. Any practice of dealers in selling automobiles to each other without complying with these sections may be for their convenience, but it does not exempt them in a case such as here.
Had Falcon performed the duties required by § 63-21-9 and § 63-21-15, which admittedly it made no attempt to perform, it is probable that the defective title would have been discovered and Seals would not have sustained the loss. The condition of the bond executed by appellant for the designated agent, Falcon Park Motor Company, Inc., is:
“THE CONDITION OF THIS OBLIGATION IS SUCH, that if the aforesaid principal shall well and faithfully perform his duty as such ‘designated agent’ then this obligation shall be void, otherwise to remain in full force and effect.”
In State, For Use of Smith v. Smith, 156 Miss. 288, 125 So. 825 (1930), this Court said:
“[T]he official bond of a public officer is a contract which the law requires him to execute, by which he and his sureties covenant and agree that he will faithfully discharge all of the duties of his office, which contract is breached by the failure of the officer to discharge any of his official duties.” (Emphasis added). 156 Miss, at 292, 125 So. at 826.
The very purpose of the bond is to require the designated agent to faithfully perform its duties and is for the protection of those who may be injured as a result of any such failure. Damage may result from a negligent failure or omission to perform the duty as well as from a negligent performance of the duty. This principle of law is stated in 65 C.J.S. Negligence § 2(6), at 469-70 (1966):
“[I]n a legal sense every omission to perform a duty imposed by law for the avoidance of injury to persons or property may constitute negligence, and the result is the same whether the duty is to *577 do, or to refrain from doing, a certain thing. It is, accordingly, well settled that actionable negligence may consist of, or be based on, either omission or commission, or it may consist of both omission and commission. . . .”
In Columbus & G. R. Co. v. Coleman, 172 Miss. 514, 160 So. 277 (1935), this Court held:
“Actionable fault on the part of a defendant must be predicated on action or non-action, accompanied by knowledge, actual or implied, of the facts which make the result of his conduct not only a probable result, but a result also which he should, in view of those facts, have reasonably anticipated. . . . ” 172 Miss. at 521, 160 So. at 279.
II.
The trial court erred by allowing hearsay testimony and repeated references to a “stolen car” and by making prejudicial comments in the presence of the jury and in overruling appellant’s motion for a mistrial.
Seals testified that he was present and saw an FBI agent examine the automobile and discover that the identification numbers had been changed. He saw the FBI agent impound the vehicle, and he subsequently bought it back from an insurance company which had paid the original owner for the loss. This was direct testimony and was competent.
The record reflects overwhelmingly that the title to the vehicle was defective and that Seals perfected the title by repurchasing the vehicle. The duties imposed upon a designated agent are for the purpose of passing good title to a vehicle.
The trial judge did make statements about a stolen automobile, but from time to time he told the jury he was not saying the car was stolen and that it was the jury’s duty to determine that question, We are of the opinion that the statements were not prejudicial error and that there is no merit in this assignment,
III.
The trial court erred in refusing appellant’s requested Instructions Nos. 10, 11 and 14 and in granting Seals’ Instructions Nos. 4, 6 and 7.
We have carefully reviewed the instructions, the pleadings and the evidence, and we are of the opinion that appellant’s requested Instructions Nos. 10, 11 and 14 were properly refused. Appellant requested and was given Instruction No. 3 which told and emphasized to the jury that all instructions given by the court for the plaintiff and for both defendants must be considered as a whole by the jury.
When all instructions are considered as a whole the jury was properly instructed, and there is no merit in Assignment No. III.
IV.
The lower court erred in allowing a copy of the bond in evidence.
The declaration charged that Falcon was a designated agent and was operating as an agent of the Comptroller in carrying out the licensing and titling of automobiles. Further, that as such agent Falcon had entered into bond in the amount of $5,000.00 with the State for the faithful performance of its duties of properly titling motor vehicles. A copy of the bond was attached to the declaration as Exhibit A and made a part thereof as if fully copied therein. Appellant admitted all such allegations but simply denied any variance between the bond marked “Exhibit A” and the original bond. There was nothing in the evidence to reflect any vari- *578 anee, and there is no merit in assigned error No. IV.
For the reasons stated above, this case must be and the same is hereby affirmed.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and INZER, P.JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.