ALABAMA & VICKSBURG RAILWAY COMPANY v. DANIEL H. GROOME.

[52 South. 703.]

1. NEGLIGENCE. *Res ipsa loquitur. Evidence. Burden of proof.*

The rationale of the doctrine of *"res ipsa loquitur"* is that, in some cases, the very nature of the accident, of itself and through the presumption it carries, supplies the requisite proof, and it applies when, under the circumstances, the accident presumably would not have happened if due care had been exercised.

2. SAME. *Same. Same.*

The essential import of the doctrine of *res ipsa loquitur* is that on the facts proved plaintiff has made out a *prima facie* case, without direct proof of negligence.

3. SAME. *Same. When doctrine available.*

The doctrine of *res ipsa loquitur* is available in a case wherein the declaration is for specific acts of negligence and no count charges negligence generally; but it is limited to a presumption of the negligence charged, which presumption defendant is called on to rebut by evidence of due care as to the matter complained of.

4. SAME. *Same. Master and servant.*

The maxim *"res ipsa loquitur"* applies as between master and servant, subject to such modification as necessarily results from the subsidiary rules governing the relationship, such as assumption of risk, the fellow-servant rule, etc.

5. SAME. *Same. Same. Instructions.*

In an action for injury to a servant, wherein the maxim *"res ipsa loquitur"* applied, an instruction that the burden was on defendant to rebut the presumption of negligence in such case was intended only to mean that, when plaintiff by aid of such presumption made out a *prima facie* case, it thereupon devolved on defendant to meet or rebut it by evidence showing reasonable care, and when taken in connection with other instructions, charging that the burden of proof was on plaintiff and that he

must prove the material allegations of the declaration by a preponderance of the evidence, it could not have misled the jury as to which party had the burden of proof.

**6. SAME.** *Question for jury.*

Whether the accident would have ordinarily happened, had due care been exercised, should generally be left to the jury.

**7. SAME.** *Presumption from accident. Prima facie case.*

Where it is manifest that the accident would not have happened, had due care been exercised, negligence is presumed as matter of law, and proof of the accident is sufficient to make a *prima facie* case, and to require defendant to meet the case thus made.

**8. SAME.** *Burden of proof. Effect of proving accident.*

Where, as is sometimes the case, proof of the accident is sufficient to make a *prima facie* case of negligence, the burden of proof is on plaintiff throughout the trial, and does not shift to defendant when plaintiff makes out such a case.

**9. SAME.** *Meaning of "burden" and "burden of proof."*

The term "burden," or "burden of proof," is frequently used to signify the burden of meeting a *prima facie* case, rather than the burden of producing a preponderance of evidence.

**10. SAME.** *Master and servant. Safe place to work. Delegation of duty. Assumption of risk.*

The duty to furnish a safe place to work cannot ordinarily be delegated to fellow servants, and the risk relative thereto is not ordinarily assumed.

**11. TRIAL.** *Instructions. Errors cured.*

Error in an instruction, in not limiting to specific acts of negligence charged the burden of meeting a *prima facie* case made by proof of the accident, is cured by another instruction not to consider any evidence on the subject of negligence except that specifically charged in the declaration.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Groome, appellee, was plaintiff in the court below; the railway company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*Hirsh, Dent & Landau* and *McWillie & Thompson,* for appellant.

The first instruction given for plaintiff invoked the doctrine of *"res ipsa loquitur"* and the case was made to depend materially on the applicability of that doctrine. This we think was error. The doctrine was wrongfully invoked and had no application to the case. The instruction burdened the defendant with a presumption not of fact but of law, erroneously created by it.

The weight of authority will show, even if the doctrine is applicable at all where the relation of master and servant exists that the mere happening of an accident, caused by a defect in a platform, or bridge, or roadway, does not arise to the dignity of a presumption of law, which the court must recognize and apply, but is simply an inference of fact from which a jury may or may not find negligence on the part of the master. 26 Cyc. 1142, 1143, 1410, 1411, 1412; 20 Am. & Eng. Ency of Law (2d ed.), 92, 94; Thompson on Negligence, § 7637; Labatt on Master & Servant, § 834.

The Mississippi cases (*Brown v. Yazoo, etc., R. Co.,* 88 Miss. 687, 41 South. 383; *Mobile, etc., R. Co. v. Hicks,* 91 Miss. 273, 46 South. 360, and *Mississippi, etc., Oil Co. v. Smith,* 48 South. 735), are not contrary to our contention. In all cases of this character, where the master is only chargeable with negligence, when he had or ought to have had notice of the defect (and the evidence shows that although the platform was in constant use, neither the plaintiff nor his witness observed any defect therein), the only sound, safe and reasonable rule is that the jury may infer negligence from all the facts, but are not bound to do so, and that negligence is not to be presumed as a matter of law. The following authorities sustain our view. Alabama: *Bivins v. Georgia, etc., R. Co.,* 11 South. 68; *Louisville, etc., R. Co. v. Davis,* 8 South. 552; *Louis-*

*ville, etc., R. Co. v. Campbell,* 12 South. 574; *Birmingham, etc., Co. v. Sawyer,* 47 South. 67. Arkansas: *St. Louis, etc., R. Co. v. Hill,* 94 S. W. 914; *Chicago, etc., R. Co. v. Murray,* 109 S. W. 549; *Chicago, etc., Co. v. Cooper,* 119 S. W. 672. California: *Brymer v. Southern Pac. R. Co.,* 27 Pac. 371; *Springfield v. Main Street R. Co.,* 91 Cal. 48, 27 Pac. 590; *McDonald v. Timber Co.,* 94 Pac. 371, 590. Colorado: *City of Greeley v. Foster,* 75 Pac. 351; *Denver, etc., R. Co. v. Robinson,* 6 Colo. App. 432, 40 Pac. 480; *Denver, etc., R. Co. v. McComas,* 7 Colo. App. 121, 42 Pac. 676; *Bishop v. Brown,* 14 Colo. App. 535, 61 Pac. 50; *Kellogg v. Denver City R. Co.,* 72 Pac. 609. Connecticut: *Lennon v. Rawitzer,* 19 Atl. 334. Delaware: *Reed v. Queen Anne R. Co.,* 57 Atl. 529. Georgia: *Palmer Brick Co. v. Chenall,* 47 S. E. 328; *Sinkovitz v. Peters, etc., Co.,* 64 S. E. 93. Iowa: *Baldwin v. Railroad Co.,* 68 Iowa, 37, 25 N. W. 918; *Case v. Railway Co.,* 64 Iowa, 762, 21 N. W. 30; *Kuhns v. Railway Co.,* 70 Iowa, 565, 31 N. W. 868; *Haden v. Railroad Co.,* 99 Iowa, 735, 48 N. W. 733; *Brownfield v. Chicago, etc., R. Co.,* 77 N. W. 1038; *Bergman v. Allman,* 104 N. W. 280. Indiana: *Chicago, etc., R. Co. v. Fry,* 28 N. E. 989; *Southern Indiana Ry. Co. v. Baker,* 77 N. E. 64. Illinois: *Chicago Telephone Co. v. Schulz,* 121 Ill. App. 573; *Eagle Brewery Co. v. Luckowitz,* 138 Ill. App. 131, 85 N. E. 213, 235 Ill. 246; *Galloway v. Chicago, etc., R. Co.,* 84 N. E. 1067, 234 Ill. 474; *Barnes v Danville Street Ry. Co.,* 85 N. E. 921, 235 Ill. 566. Kansas: *Lane v. Missouri, etc., Ry. Co.,* 68 Pac. 626. Kentucky: *Dana v. Blackburn,* 90 S. W. 237; *Vissman v. Southern Ry. Co.,* 89 S. W. 502. Louisiana: *Henry v. Brackenridge L. Co.,* 20 South. 221. Maine: *Pellerin v. International Paper Co.,* 52 Atl. 842; *Nason v. West,* 78 Me. 253; *Wormell v. Maine, etc., R. Co.,* 79 Me. 397, 10 Atl. 49. Maryland: *Gans Salvage Co. v. Byrnes,* 62 Atl. 155. Michigan: *Fuller v. Ann Arbor R. Co.,* 104 N. W. 414. Minnesota:

*Davison v. Davison,* 48 N. W. 560.   Missouri: *Oglesby v. Missouri, etc., R. Co.,* 76 S. W. 623 ; *Klebe v. Parker, etc., Co.,* 105 S. W. 1057.   New Jersey: *Baldwin v. Atlantic City R. Co.,* 45 Atl. 810 ; *Dentz v. Pennsylvania R. Co.,* 70 Atl. 164.   New York: *Grant v. Pennsylvania, etc., R. Co.,* 31 N. E. 220 ; *Hudson v. Lehigh Valley R. Co.,* 194 N. Y. 205, 87 N. E. 85. North Carolina: *Womble v. Merchants, etc., Co.,* 47 S. E. 493 ; *Stewart v. Van Deventer, etc., Co.,* 50 S. E. 562.   Ohio: *Huff v. Austin,* 21 N. E. 864.   Oklahoma: *Neeley v. Southwestern, etc., Co.,* 75 Pac. 537.   Oregon: *Duntley v. Inman, etc., Co.,* 70 Pac. 529.   Pennsylvania: *Allen v. Kingston, etc., Co.,* 61 Atl. 572.   Rhode Island: *Venburr v. Lafayette, etc., Mills,* 60 Atl. 770.   South Carolina: *Green v. Southern Ry. Co.,* 52 S. E. 45.   Tennessee: *East Tennessee, etc.. R. Co. v. Lindamood,* 78 S. W. 99.   Texas: *Missouri, etc., R. Co. v. Crowder,.* 55 S. W. 380.   Utah: *Christensen v. Oregon, etc., R. Co.,* 99 Pac. 676.   Virginia: *Moone Lime Co. v. Johnston,* 48 S. E. 557 ; Washington: *Hughes v. Oregon Imp. Co.,* 55 Pac. 119. West Virginia: *Stewart v. Ohio, etc., R. Co.,* 20 S. E. 922.. Wisconsin: *Spille v. Wisconsin, etc., Co.,* 81 N. W. 397.   Supreme Court of United States: *Patton v. Texas, etc., Ry. Co.,* 179 U. S. 658.

Under the instruction of the court the defendant was burdened with a presumption of law which necessarily affected the result.   For cases directly in point to sustain our contention that where specific negligence is charged it must be proven, we refer to the following: *East Tennessee, etc., Co. v. Daniel* (Tenn.), 42 S. W. 1062; *Oglesby v. Missouri, etc., R. Co..* (Mo.), 76 S. W. 623; *Palmer Brick Co. v. Chennall* (Ga.), 47 S. E. 329; *Lone Star, etc., Co. v. Willie* (Tex.), 114 S. W. 186; *McLean v. Schoenhut* (Pa.), 73 Atl. 1058; *Crampo v.. Chicago, etc., Co.,* 137 Ill. App. 63.

*S. S. Hudson,* for appellee.

[The reporter has been unable to find the brief of counsel for appellee. It was withdrawn from the record or lost before the case was reached for reporting, hence no synopsis of it is given.]

Smith, J., delivered the opinion of the court.

Appellee, an employe of appellant, in the discharge of his duty as such, stepped off of a train of cars of appellant upon a platform extending over a ditch, and between a side and main track of the railroad. When he stepped upon the plank walk, it gave way with him, and threw him against the moving cars, resulting in the injury complained of. Appellant himself made no special examination of the cause of the giving way of the plank walk, but stated that it must have been rotten, or broken, or not nailed. One witness stated that the plank and sill, or sleeper, on which same rested, were not nailed, and that that was the cause of the giving way. Another witness testified that the platform did not exactly "cover the hole it was intended to cover," and that it was not much of a platform; that part of it rested on the ground, and part of it did not rest on anything. The bridge builder and inspector of appellant testifies that the platform was carefully constructed out of sound timber, well nailed down, and inspected daily, and that no defect was discoverable therein; that the giving way of the platform was caused by the breaking of one of the sills, a piece of 2x6 timber; that he did not make a "close examination, but it was a sound piece of timber—it had not been there very long." From a judgment awarding damages to appellee, this appeal is taken.

The allegation of negligence contained in the declaration is as follows: "Plaintiff stepped from the switchboard of defendant's engine to the plank walk of said trestle for the purpose of

switching cars for the company at the point, and on account either of the rotten condition of the plank walk, or the fact that it was not nailed, which covered the trestle, same gave way," etc. "Therefore your plaintiff avers that on account of the willful, gross, and careless negligence of said company in failing to keep the trestle and ways and means and appliances thereto belonging in proper repair, and operating its trains at such rates of speed in said city," etc.

One of the instructions granted appellee, the granting of which is assigned as error, is as follows: "The court instructs the jury, for plaintiff, that the law in this case presumes that plaintiff's injury resulted from a negligent failure of defendant company to furnish a safe and secure platform at the place where plaintiff was hurt. The burden is upon defendant to rebut this presumption by evidence that it exercised reasonable care to build and maintain said platform in a safe condition for the use of its employes. The jury is the sole judge of the weight of evidence; and if the jury do not believe, from the evidence, that defendant exercised reasonable care to maintain said platform in a safe and secure condition, then they will find verdict for plaintiff."

This instruction is based upon the maxim, *"res ipsa loquitur"* (the thing speaks for itself). The rationale of this doctrine is that, in "some cases, the very nature of the accident, of itself and through the presumption it carries, supplies the requisite proof." It is applicable "where, under the circumstances shown, the accident presumably would not have happened if due care had been exercised." Its essential import is that, on the facts proved, the plaintiff has made out a *prima facie* case, without direct proof of negligence." 2 Labatt, Master and Servant, § 834. There seems to be considerable conflict, and some confusion, among the decisions of various courts relative to the application of this maxim as between master and servant. With-

out attempting to review the same, we deem it sufficient to say that we think the true rule is that the maxim does apply as between master and servant (*Railroad v. Hicks,* 91 Miss. 352, 46 South. 389), subject to such modification as necessarily results from the subsidiary rules governing this relationship, such as assumption of risk, the fellow-servant rule, etc, In the case at bar none of these subsidiary rules interfere with the application of the maxim, for the reason that the accident was caused by a defect in the walk, or platform, furnished by the master to the servant upon which to work. The duties of the master relative to furnishing the servant a safe place in which to work cannot ordinarily be delegated to fellow servants, and the risk relative thereto is not such as is ordinarily assumed by the servant. See exhaustive review of authorities contained in notes to *Fitzgerald v. Southern Ry. Co.,* 6 L. R. A. (N. S.) 337, and *Byers v. Carnegie Steel Co.,* 16 L. R. A. (N. S.) 214.

The form of the instruction, however, has given us considerable difficulty. It presses the maxim to the full limit of its application, and in a large number of cases would probably constitute reversible error. Generally the fact as to whether the accident would have ordinarily happened, had due care been exercised by the defendant, should be left to the determination of the jury. In this case, however, that fact is manifest, and it was unnecessary to submit same to the jury. The presumption of negligence, therefore, arose as a matter of law, and was sufficient to make out a *prima facie* case for appellee, and to require appellant to meet the *prima facie* case thus made. *Potera v. City of Brookhaven,* 95 Miss. 774, 49 South. 617. The burden of proof, however, was on appellee throughout the trial, and never shifted to appellant, except in the sense that such burden is said to shift from the plaintiff to defendant when the former has made out a *prima facie* case. By this instruction the jury were charged that the burden is upon the defendant to rebut

this presumption by evidence, etc.; and it is argued that thereby the burden of proof, with all which that term ordinarily implies, was shifted to the defendant. But, as we have just stated, when appellee, by the aid of the presumption of negligence arising under the maxim, had made out a *prima facie* case, it thereupon devolved upon defendant to meet, or rebut, this *prima facie* case by evidence that it exercised reasonable care. This was all that the instruction was intended to mean, and when taken in connection with other instructions, which charged the jury that the burden of proof was upon the appellee, and that he must prove the material allegations of the declaration by a preponderance of the evidence, it could not have misled the jury.

As was said by the California court in *Cody v. Market St. Ry. Co.*, 148 Cal. 93, 82 Pac. 667: "The term 'burden,' or 'burden of proof,' is frequently used to signify simply the burden of meeting a *prima facie* case, rather than the burden of producing a preponderance of evidence, and as used in the instruction in question imported nothing more." See, also, note to *Cleveland v. Hadley*, 16 L. R. A. (N. S.) 527, wherein the annotator, after an extensive review of the authorities, says, at page 531: "An instruction which merely informs the jury, in a case to which the doctrine of *res ipsa loquitur* is applicable, that the burden of proof is upon the defendant, without explaining or qualifying the phrase 'burden of proof,' is doubtless objectionable from a technical point of view; but the courts are loath to base a reversal upon it, unless it goes further and intimates that the burden is upon the defendant to disprove negligence by a preponderance of evidence." But it is said that when a plaintiff has sought by his declaration, as in the case at bar, to recover because of specific acts of negligence, and in no count has charged negligence generally, the doctrine of *res ipsa loquitur* cannot be availed of. It is true that a plaintiff must recover upon the case made by his declaration; but it does not follow

97 Miss.—14

therefrom that, when he alleges specific acts of negligence, the maxim has no application.    In such case the maxim applies, and the presumption of negligence arises; but it is limited to a presumption of the negligence charged in the declaration, which presumption the defendant is called on to rebut by evidence that due care was exercised with reference to the matter complained of.    *Palmer Brick Co. v. Chenall,* 119 Ga. 837; 47 S. E. 329.

The broad language of this instruction was necessarily limited, and any error therein cured, by instruction No. 4, granted appellant, which is as follows: "The court instructs the jury that they must not consider any evidence on the subject of any alleged negligence, except the negligence specifically charged in the declaration."

The court below committed no error with reference to the other matters complained of, and its judgment is therefore *affirmed.*