PLANTERS' OIL MILL *v.* WILEY.

(Division B. May 6, 1929.)

[122 So. 365. No. 27846.]

*John W. Crisler,* of Clarksdale, for appellant.

*J. D. Magruder*, of Tunica, for appellee.

116

ETHRIDGE, P. J., delivered the opinion of the court.

Tom Wiley was employed by the Planters' Oil Mill in operating its linter gins, and was injured while en-

gaged in his work by having his hand thrust against the saws by an involuntary movement while cleaning an adjustment rod, which accumulates cotton in the operation of the linter. The involuntary movement was caused by a noise made in the linter by the bursting of a washer, and the slipping of the nut on one of the rods, while he was cleaning the adjustment rod. This explosive noise caused him involuntarily to throw his hands up, striking the saw and injuring his hand, resulting in suffering and the loss of thirty days from work, pending the recovery of his hand.

It was the duty of another employee, one Walter Williams, to remove the saws when they needed filing, and to see to the oiling and changing of saws, and to keep the rods and nuts in condition. This necessitates an almost daily change of saws and adjustment of the nuts on the rods in order that they should not come loose from the vibrations of the machinery. The testimony shows that the threads which held the nut on the rod had become worn and loose, and also that a washer used on the rod under the nut had burst; that Williams had changed the saws the day of the injury and saw this burst washer, and knew of the defective condition of the threads on the rod, and that the nut, by reason thereof, might come loose in its operation. However, he did not tell Tom Wiley of this condition until after the injury; he said he forgot to tell anybody about it. It was the duty of Wiley to keep the linters operating, to remove the accumulated cotton from the adjustment rod, and to repair any defects which occur during the operation of the machinery. The appellant contends, this being true, that the negligence, if any, was Tom Wiley's, and that he could not recover for his own negligence.

We think the proof shows that it was not the duty of Tom Wiley to see that the machinery was in safe condition for operation before doing his work, but that he had a right to depend upon Walter Williams, whose

duty it was to keep the machinery in repair and to inspect it, and that Wiley's duty was only to repair when, in the course of operation, repair became necessary.

By chapter 156, Laws of 1914 (section 518, Hemingway's Code of 1927), it is provided: "In all actions for personal injury to an employee, and in all actions where such injury results in death, such employee shall not be held to have assumed the risks of his employment in any case where such injury or death results in whole or in part from the negligence of the master; except as to conductors, or locomotive engineers, in charge of dangerous or unsafe cars or engines voluntarily operated by them."

It was the duty of the master to provide the plaintiff with a safe place to work; and this is a nondelegable duty. The master, therefore, was under duty to see that the machinery was in safe and fit condition for use; and as it was defective for the reason above stated, without fault of the plaintiff, the latter was entitled to recover, and had not assumed the risk involved in the negligence mentioned.

We think the proof was sufficient to sustain the verdict of the jury. *Alabama & V. R. Co.* v. *Groome,* 97 Miss. 201, 52 So. 703; *Yazoo & M. V. R. Co.* v. *Smith,* 150 Miss. 882, 117 So. 339.

We find no reversible error in the cause, and the judgment is affirmed.

*Affirmed.*