## J. C. Penney Co. *v.* Evans.

(Division A. April 1, 1935. Suggestion of Error Overruled, April 15, 1935.)

[160 So. 779. No. 31554.]

Carl Marshall, of Gulfport, for appellant.

Bidwell Adam, of Gulfport, and **Chalmers Potter**, of Jackson, for appellee.

Argued orally by **Carl Marshall**, for appellant, and by **Chalmers Potter**, for appellee.

Smith, C. J., delivered the opinion of the court.

The appellee obtained a judgment for one thousand five hundred dollars against the appellant for an injury alleged to have been sustained by her because of the appellant's negligence.

The appellant's complaints are: First, that the court below refused its request for a directed verdict; second, the case was submitted to the jury without any instructions for the appellant, advising the jury as to the substantive law of the case; and, third, that the verdict is excessive.

The evidence discloses that the appellant is engaged in the general retail mercantile business, and as a part of its equipment therefor maintains and operates a carrier system from its cashier's desk on the second floor of the building in which its business is conducted, to various parts of the first floor thereof, for the purpose of transmitting to the cashier cash received by its clerks for articles purchased. These carriers consist of copper baskets or barrels running on copper wheels over copper cables. While in the appellant's shop, for the purpose of purchasing articles there offered for sale, the appellee was standing a few feet from a clerk who was waiting on another customer, which clerk started one of these carriers to the cashier's desk. It passed within a few feet of the appellee's head, and as it passed she felt several small hard substances strike her face, one of which entered her eye, and proved to be a small piece of metal. This metal was extracted from her eye by a competent surgeon, but left it in a damaged condition, from which she still suffers pain, and which has materially reduced the sight of the injured eye.

According to the evidence of the appellant, these carriers were manufactured by a reputable manufacturer, were of the standard type in general use, had been used

by it for several years, and were inspected by its manager about every two weeks without discovering any defects therein.

1. The appellant's request for a directed verdict: The appellant owed its business visitors the duty of exercising reasonable care to prevent injury to them from defects in its premises and appliances. 2 Restatement, Torts, section 343; 2 Cooley on Torts (3 Ed.), page 1258; Allen v. Y. & M. V. R. Co., 111 Miss. 267, 71 So. 386; Wilbourn v. Charleston Cooperage Co., 127 Miss. 290, 90 So. 9; Ness Creameries v. Barthes, 170 Miss. 865, 155 So. 222. Specifically, the appellant was charged with the duty of exercising reasonable care to install only such a carrier as would not create, when operated, an unreasonable risk to its business visitors, and also to exercise the same care thereafter to keep it in such condition. In order to discharge the latter duty it should have inspected the carrier at reasonable intervals, with reasonably sufficient thoroughness, for the discovery of ordinarily discoverable defects therein which would create a realizable danger to persons near the carrier when it was being operated. 45 C. J. 873; Anderson v. McCarthy D. G. Co., 49 Wash. 398, 95 P. 325, 16 L. R. A. (N. S.) 931, 126 Am. St. Rep. 870; Feeney v. N. Y. Waist House, 105 Conn. 647, 136 A. 554, 50 A. L. R. 1539, and authorities supra.

The appellee did not prove any specific act of negligence on the part of the appellant, but rests her case on the doctrine of res ipsa loquitur. This doctrine, which should be cautiously applied and is of limited extent, is that when an injury is caused by an apparatus in the control of the defendant of such character that would not ordinarily have been inflicted had the defendant exercised due care in the construction, inspection, and use of the apparatus, the jury may infer therefrom, in the absence of an explanation by the defendant which the

evidence warrants it to, and it does, accept, that the injury would not have been inflicted had the defendant exercised the requisite care. Alabama & V. R. Co. v. Groome, 97 Miss. 201, 52 So. 703; 5 Wigmore on Evidence (2 Ed.), section 3509, 44 C. J. 1193; Cooley op. cit., page 1424.

The evidence warranted the jury in believing (1) that the particle of metal that entered the appellee's eye came from the carrier; and (2) that ordinarily such would not have occurred had the appellant exercised due care, either in the installation or maintenance of the carrier.

But the appellant says that if the doctrine of res ipsa loquitur applies, the appellee's prima facie case thereunder was overthrown by its evidence of the installation and inspection of the carrier, and therefore there was no issue for submission to the jury.

The evidence as to the installation may, and we will assume for the purpose of the argument does, disclose due care therein; but the evidence as to the inspections of the carrier is not such that the court can say that the jury could draw no inference of negligence therefrom. The witness who made the inspections said that he made them for the purpose of oiling the carriers, and "to know they are in good working order," but said nothing whatever as to the character of the inspections, without which the jury could safely say that the inspections were not shown to have been as thorough as could have reasonably been made. The evidence does not disclose that no reasonable inspection of the carrier could have been made that would have revealed the probability of a particle of metal being thrown therefrom.

The court below committed no error in refusing to direct a verdict for the appellant.

2. The submission of the case to the jury without instructions for the appellee (the plaintiff) as to the substantive law: This procedure was not objected to until

after the verdict, but aside from that, the court below committed no error therein. Under section 586, Code of 1930, the trial judge is without the right to instruct the jury on his own initiative, but is restricted to the granting or refusing of instructions requested by the parties litigant, who are not required to request such. Under statutes of this character, the trial judge is without the power to prevent the submission of a case to the jury without instructions, but the practice of counsel in so doing has been condemned, 64 C. J. 821, and in some cases would amount to a breach of duty to the client.

3. Amount of the verdict: Complaints that verdicts are excessive are being made with such increasing frequency in appeals from judgments in actions for damages, that it may be well for us to again state the rule to which the court must conform in responding thereto. In actions for damages of the character of the one here, the only legal measure thereof which the law knows, is the sound discretion of the jury, and the court will not substitute its judgment for that of the jury, unless the damages awarded are so great, when viewed in the light of the injury sustained, as to clearly indicate that, in awarding them, the jury was controlled by passion, prejudice, or corruption. New Orleans, etc., R. R. Co. v. Hurst, 36 Miss. 660, 74 Am. Dec. 785; Memphis & C. R. Co. v. Whitfield, 44 Miss. 466, 7 Am. Rep. 699; Chapman v. Powers, 150 Miss. 687, 116 So. 609; and many others to the same effect. The evidence here does not bring this case within that rule.

Affirmed.