## Aponaug Mfg. Co. *v.* Carroll.

(Division B.   Oct. 24, 1938.   Suggestion of Error Overruled Dec. 5, 1938.)

[184 So. 63.   No. 33362.]

794

Watkins & Eager, of Jackson, and **D. E. & J. T. Crawley**, of Kosciusko, for appellant.

Barbour & Henry, of Yazoo City, for appellee.

**McGehee, J.,** delivered the opinion of the court.

Appellee recovered a judgment of $5,000 in the circuit court of Yazoo County for an injury sustained while he was attempting to lower a large beam, suspended by a block and tackle, which was being operated by him in the cotton mill of the appellant, and which fell to the floor on account of the alleged defective condition of such appliance. The beam in question, which weighed approximately 500 pounds and was about 6 feet in length, had been conveyed from the weaver room of the mill, by means of this block and tackle, known as a Yale and Townes hoist, into the room where the accident occurred, and where it was being lowered to fit into the grooves of a cast iron frame, or stand, in order that the yarn thereon might be further prepared for making cloth. The block and tackle operated on an overhead track, and the beam

was raised and lowered by means of pulling a continuous chain through a pulley or block on which the chain fit into gear, which was so constructed that one link would go into a horizontal groove and the next link into a perpendicular one. There were flanges on each edge of the chain run of the pulley to keep the chain within proper bounds. The falling of the beam when the chain slipped on the occasion complained of is alleged in the declaration to have been "due to the chain being worn and slick, or the flanges being worn, or to other causes not known to the plaintiff, but known and understood by the defendant." No direct testimony was offered by appellee to show either that the chain was worn and slick, or that the flanges on the pulley were worn. But, it was shown by the testimony of a number of appellee's witnesses, and by that of at least one witness for the appellant, that it would have been impossible for the chain to have slipped so as to drop the beam to the floor unless the mechanism of the hoist had been defective; that, otherwise, the chain would fit and catch into the gear, and could not slip to such an extent as to let its load fall to the floor. The evidence offered by appellant was to the effect that this hoist was so constructed that the chain could not slip more than one or two inches, and that in fact it did not slip and cause the beam to fall to the floor on the occasion in question; that it was in good condition in every respect.

Where it is shown that the accident whereby the injury was caused could not have happened except for the defective condition of the appliance in question, and that the master knew, or by the exercise of reasonable care should have known, of such defective condition by reason of the fact that the beam had fallen on one or more occasions prior to the accident, as shown and complained of in this case, the doctrine of res ipsa loquitur applies. Alabama & V. R. Co. v. Groome, 97 Miss. 201. 52 So. 703; 5 Wigmore on Evidence (2 Ed.), Section 3509; 44 C. J.

1193; Cooley op. cit., page 1424; J. C. Penney Company v. Evans, 172 Miss. 900, 160 So. 779.

But, it is urged by the appellant that where the declaration charges specific acts of negligence, instead of charging negligence generally, the doctrine of res ipsa loquitur must be limited to creating a presumption in favor of the negligence charged in the declaration. This contention correctly states the rule, as announced in Alabama & V. Railway Company v. Groome, supra. However, we do not think that the language above quoted from the declaration in the case at bar limits the charge of the defective condition complained of to the question of whether or not the chain had become worn and slick, and the flanges of the block had become worn, but that the charge ''or to other causes not known to plaintiff, but fully known and understood by defendant'' includes any other defect in the mechanism of the hoist which may have caused the beam to fall. The rationale of the rule which confines the plaintiff to proof of the specific negligence charged is that the defendant is entitled to be apprised as to the ground of negligence relied on for a recovery. The pulley, the gear, the flanges, and the chain are all parts of one appliance—the hoist; and we are of the opinion that the allegations and the proof are sufficient to show that the appliance was defective in that it permitted the chain to slip and the beam to fall. That is the substance of what is charged. Some of the parts of the hoist are in the housing of the block, and it would be too technical to require an employee complaining of a defective appliance to carry the burden of showing the defect to be in a particular part of a single appliance (often made of many small units), which may have caused an injury, where the allegation of negligence contained in the declaration is sufficiently general to specify the defective appliance complained of. The negligence complained of in the present case is a failure to exercise reasonable care to maintain the block and tackle, referred to as a hoist, in a reasonably safe condition.

It is next insisted by the appellant that if the beam in question fell to the floor a week prior to the accident complained of, as contended for by the appellee, a reasonable time thereafter should be allowed for the making of the promised repairs. This is true, but the question of what would be a reasonable time for making the repairs was an issue for the jury under the facts of this case. Moreover, the defense in the court below was that no promise to repair was made; that there was nothing wrong with the hoist, and that no repairs were needed, and as a matter of fact there was no effort made to obtain new parts for such purpose.

Responding to the contention that the appellee assumed the risk incident to operating the block and tackle during the period intervening between the alleged promise to repair and the date of his injury, we find that the proof discloses that another hoist at the mill was used on a former occasion when this one was out of order, and also that the appellant could have caused the beams to be moved during the interval in question by other means shown to be in use at similar mills. In other words, it was a question for the jury as to whether the appellant was negligent in requiring the appellee to continue the use of this particular appliance pending the delay for the alleged promised repair thereof. Under Section 513 of the Code of 1930, he did not assume the risk incident to its continued operation, if the appellant was negligent in requiring its use. Hardaway Contracting Company v. Rivers, Miss., 180 So. 800.

For the reasons hereinbefore stated, we are of the opinion that the action of the trial court was correct in overruling the motion of appellant for a peremptory instruction.

Next, it is said that the case must be reversed on the ground that the verdict is excessive; and that the proof of the extent of the injury was in part predicated on the incompetent testimony of an X-ray technician, who was

neither a physician nor surgeon, and who had never taken a course in anatomy. The witness, C. A. Palmerlee, was shown to have had fifteen years experience in reading and interpreting X-ray pictures. He is in charge of the X-ray and Laboratory Department at the Baptist Hospital in Jackson, Mississippi, as an X-ray technician who reads and interprets X-rays for the medical staff of that institution, composed of approximately thirty-five physicians and surgeons. The court permitted him to testify that the X-ray pictures in evidence disclosed fractures of the vertebrae of appellee, but declined to permit him to express an opinion as to whether the fractures were due to trauma or injury. We think he was competent to testify as to what the X-ray pictures, which were admitted to be good ones, disclosed. Whipple v. Grandchamp, 261 Mass. 40, 158 N. E. 270, 57 A. L. R. 974. See, also, Ladlie v. American Glycerin Company, 115 Kan. 507, 223 P. 272; and Beard v. Turriten, 173 Miss. 206, 161 So. 688. His training and experience should have qualified him to have so testified. Being a physician and surgeon would not be the test of competency, since it is conceded that many medical practitioners are unable to read and interpret X-ray pictures. The experience of an X-ray technician in observing the effect of known fractures, as reflected in the pictures thereof, over a period of years, should peculiarly qualify him to state the facts thereby disclosed, although he would not be competent to express an opinion as to what caused the condition shown.

As to the amount of the verdict, we do not feel justified under the rule announced in the case of J. C. Penny Company v. Evans, supra, in substituting our judgment for that of the jury as to the reasonableness of the compensation awarded for the injury complained of, and since the issues were properly submitted to the jury under the law applicable thereto, the judgment must be affirmed.

Affirmed.