PER CURIAM.
Richard McDaniel sued Crabtree Industrial Waste, Inc., and one of its employees, Curtis Larry Ryals II, alleging negligence and wantonness in connection with a traffic accident involving one of Crabtree’s trucks. McDaniel claimed he was injured when a wheel from the truck, which was being driven by Ryals, came loose and struck McDaniel’s automobile. The trial court entered a summary judgment in favor of Crabtree and Ryals. McDaniel appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7, Ala.Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P. Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute; the evidence is to be viewed in the light most favorable to the nonmovant, and all reasonable inferences are to be drawn in that party’s favor. Id.
Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
When viewed in a light most favorable to McDaniel, the nonmovant, the evidence indicates the following. On July 15, 1994, Ryals was driving east on Moffett Road in Mobile County in a truck owned by Crabtree. A wheel from the truck came loose, crossed the road, and struck the vehicle driven by McDaniel. McDaniel was injured in the accident.
Crabtree’s drivers are required to inspect the trucks they are about to drive. In his deposition, Ryals testified that he inspected the truck on the morning of July 15, 1994, and found no visible problem. The truck had been inspected three months earlier, pursuant to United States Department of Transportation requirements, and that inspection gave no indication of a problem with the *153 truck’s wheels. Three days before the accident, an outside contractor had repaired the tire on the wheel that came loose from the truck.
Ryals said that after leaving Crabtree’s facility on the morning of the accident he stopped several times for traffic lights and stop signs. He testified that immediately before the accident he pulled away from a traffic light and felt “a little pop.” He said that he did not feel the truck shake before the wheel came off. Ryals said he checked his rearview mirrors and saw the tire cross the road behind his truck, travel into the oncoming lane of traffic, and strike McDaniel’s car.
McDaniel contends that, while there is no direct evidence of negligence by Crab-tree or Ryals, the doctrine of res ipsa loqui-tur applies in this case, creating a presumption of negligence. What caused the wheel to come off the truck is a genuine issue of material fact, McDaniel says, and, therefore, the trial court improperly entered the summary judgment for Crabtree and Ryals.
The evidence shows that no one knows what caused the wheel to bounce off the moving truck. This is exactly the type of situation in which the doctrine of res ipsa loquitur is intended to be used. The doctrine, known by a phrase that means “the thing speaks for itself,” essentially allows a party to prove negligence by using circumstantial evidence. Under certain circumstances, the factfinder can infer negligence from the surrounding facts if the exact cause of an injury is unknown or unknowable. Khirieh v. State Farm Mutual Automobile Insurance Co., 594 So.2d 1220 (Ala.1992).
“Usually, for res ipsa loquitur to apply, either the instrumentality or the act that caused the injury must be shown.” Id. at 1223, citing Ward v. Forrester Day Care, Inc., 547 So.2d 410 (Ala.1989) (emphasis in the original). Here, McDaniel presented evidence that tended to show that a wheel came loose from a truck owned by Crabtree Industrial Waste; that the truck was being driven by Crabtree’s employee, Ryals; and that the loose tire careened into McDaniel’s vehicle and caused his injury.
With the instrumentality known, McDaniel then had to prove the elements of res ipsa loquitur:
“(1) [T]he defendant must have had full management and control of the instrumentality which caused the injury; (2) the circumstances must be such that according to common knowledge and experience of mankind the accident could not have happened if those having control of the management had not been negligent; (3) the plaintiffs injury must have resulted from the accident.”
Khirieh, 594 So.2d at 1223. In discussing the element of control, the Supreme Court has stated,
“[I]n making the negligence point to the defendant, [the plaintiff usually shows] that a specific instrumentality has caused the event, or that ‘all reasonably probable causes were under the exclusive control of the defendant.’ [Ward, 547 So.2d at 414]. Stated differently, ‘the exclusive control requirement is subordinated to its general purpose, that of indicating that it probably was the [alleged wrongdoer’s] negligence that caused the accident.’ 57B Am.Jur.2d Negligence § 1874 (1989).”
Khirieh, 594 So.2d at 1224 (emphasis in the original).
McDaniel presented evidence tending to show that at the time of the accident, the truck from which the wheel came was under the full control and management of Crabtree Industrial and its driver, Ryals. Even though the wheel in question had been repaired three days before the accident by a third party, Crabtree’s drivers had the duty of inspecting their vehicles each day, and Ryals said he had inspected his truck on the morning of the accident. In our common experiences, wheels generally do not break loose from moving vehicles unless there has been some negligence in the installation, maintenance, or inspection of the wheels. Finally, McDaniel presented substantial evidence that the loose wheel bounding across the road caused the accident in which he was injured.
We must keep in mind that this case is on appeal from the entry of a summary judg *154 ment. At this point in the proceedings, McDaniel simply must show that there is a genuine issue of material fact. Rule 56(c), Ala. R. Civ. P. He presented substantial evidence that at least creates a genuine issue of material fact. In holding this way, we are not to be understood as saying that McDaniel has proven his case under the theory of res ipsa loquitur. But at the summary judgment stage, he is not yet required to prove his case. We merely hold that he presented sufficient evidence to raise genuine questions of material fact under his theory of recovery, and that, therefore, the summary judgment was improper.
The judgment is reversed and this cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMPSON, JJ., dissent.