We have granted certiorari review to consider whether the Court of Civil Appeals properly applied the doctrine of res ipsaloquitur.
The facts of this case are set out fully in the Court of Civil Appeals' opinion. McDaniel v. Crabtree Industrial Waste, Inc.,728 So.2d 151 (Ala.Civ.App. 1997). A wheel came off a moving truck and caused the plaintiff to be injured. The plaintiff filed an action against the driver and the owner of the truck. The evidence showed that no one knows what caused the wheel to come off. The plaintiff relied on the doctrine of res ipsa loquitur.
The driver of the truck testified that he had inspected the truck on the morning of the accident and had found no visible problems. The evidence shows that the wheel had been repaired by a third party only three days before the accident occurred, and there is evidence that at least two of the studs on the truck wheel had broken off at the hub.
For the doctrine of res ipsa loquitur to supply an inference of negligence where there is no direct evidence of negligence, the following test must be met:
 "For the doctrine to apply, there are at least three essentials: (1) the defendant must have had full management and control of the instrumentality which caused the injury; (2) the circumstances must be such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the [instrumentality] had not been negligent; (3) the plaintiff's injury must have resulted from the accident."
Alabama Power Co. v. Berry, 254 Ala. 228, 236, 48 So.2d 231, 238
(1950); Ward v. Forrester Day Care, Inc., 547 So.2d 410, 411
(Ala. 1989); Khirieh v. State Farm Mut. Auto. Ins. Co.,594 So. 1220, 1223 (Ala. 1992).
The circuit court's final order stated:
 "All of Crabtree's trucks, including truck No. 6, are inspected every morning by the drivers before they drive the vehicle. (Crabtree Affidavit, ¶ 4.) The driver is instructed to walk around the vehicle and check for any visible problems with the tires or any other aspect of the vehicle. (Id.)
 "On the morning of the accident, Ryals performed this walk-around inspection, specifically looking at his tires, and that inspection revealed no problem with the wheels or any other aspect of the vehicle. (Ryals depo. pp. 28, 37.) Ryals's visual inspection included looking at lug nuts and checking the wheel wedges and other visible components of the wheel to make sure that everything looked to be in good condition, and nothing appeared to be loose. (Affidavit of Curtis Larry Ryals, ¶ 3.) He did not see any rust streaks or any indication that the wheel had slipped or that the wedges or that the lug nuts were loose [sic]. (Id.)
 "Prior to that time, on April 4, 1994, truck No. 6 had been inspected pursuant to United States Department of Transportation requirements by Terry Ikner, a Crabtree employee. (Crabtree Affidavit, ¶ 6.) A copy of that inspection report was attached as Exhibit `A' to the Affidavit of Floyd Crabtree. That inspection did not reveal any indication that there was a problem with the wheels or any other aspect of the vehicle. (Id.)
". . . .
 "The only testimony concerning alleged negligence in this case came from plaintiff's expert, Mr. Hammac. Mr. Hammac stated the following in his affidavit:
 "`Had Mr. Ryals properly inspected the lug nuts and wedges prior to leaving the Crabtree Industrial Waste premises at Firetower Road, on the morning of the accident, he would have or should have noticed a rubbing or area of triction [sic] adjacent to each of the wedges holding this tire in place. Had he performed a proper inspection, this should have caught his attention so that the studs would be properly tightened.' *Page 157 
"(Hammac Affidavit.)
 "In his deposition, however, Mr. Hammac candidly admitted he could not testify as to how the wheels looked on that morning when the driver, Mr. Ryals, inspected them. (Hammac depo., p. 19.) Furthermore, and most significantly, he agreed that, if Ryals looked at the tire and checked the lug nuts and checked the positioning of the various components of the wheels, that would be a proper inspection of the truck. (Hammac depo., pp. 19-20.)
". . . .
 "In sum, there are two ways that plaintiff's expert has testified that defendants could have been negligent: (1) that they failed to inspect the wheel properly prior to leaving the Crabtree facility; and (2) that the truck should have been vibrating prior to the accident. The undisputed evidence shows that Mr. Ryals performed the exact inspection that plaintiffs own expert said was proper and that he did not see any problem. The undisputed evidence also shows that Mr. Ryals had no indication prior to the wheel coming off of any vibration or other problem with the truck. There is, therefore no evidence that defendants acted negligently in this case. Any testimony by plaintiffs expert to the contrary is purely speculation, which will not defeat a properly supported motion for summary judgment. . . .
 "Plaintiff has also asserted that the doctrine of res ipsa loquitur applies in this case to create a presumption of negligence. The Court concludes the doctrine of res ipsa loquitur does not apply in this case for two reasons. As an initial matter, the defendants did not have full management and control of the truck and the tire for the relevant period of time. The evidence is clear that the tire was repaired by Mr. Carney, an outside contractor three days before the incident in this case. (Carney depo., p. 9.)
 "Secondly there is absolutely no evidence in this case that, according to the common knowledge and experience of mankind, the accident could not have happened if Crabtree had not been negligent. Alabama Power Co. v. Berry, 254 Ala. 228, 48 So.2d 231
(1950). . . . In fact, in his deposition, plaintiff's own expert testified as follows:
 "`Q: Can you say that in every one of those cases you investigated where the wheel came off with the truck moving that the operator of that truck failed to properly inspect the wheel before he got into the truck that day?
"`A: No sir, I wouldn't say that.
 "`Q: So it's possible it can happen even if you properly inspect it?
"`A: It's possible. Anything is possible.'
 "The court concludes that it is possible that the accident could have happened even if Mr. Ryals had properly inspected the tire [as he said he had]. In addition, common sense dictates that there could have been a defect in the wheel that would not have been visible prior to the failure of the components of that wheel. To hold otherwise would make the owner or operator of the vehicle an insurer against the defective condition of the truck, which is clearly not the law in Alabama. See Al DeMent Chevrolet Co. v. Wilson, 262 Ala. 662, 42 So.2d 685
(1949). Accordingly, the doctrine of res ipsa loquitur does not apply."
The circuit court entered a summary judgment for the defendants. The Court of Civil Appeals reversed, stating that the plaintiff's evidence "raise[d] genuine questions of material fact under his theory of recovery," the doctrine of res ipsa loquitur. 728 So.2d at 154.
This Court finds the observations of the circuit court particularly compelling. The doctrine of res ipsa loquitur may not be applied to hold the owner or the operator of a vehicle liable simply because a component of the vehicle has failed. The evidence presented would support an inference that the wheel came off as a result of negligence on the part of the third party, Mr. Carney, who repaired the tire three days before this event, and that no effects of any such negligence were visible to these defendants. The evidence could also support an inference that the studs broke with no warning, because of some materials failure or some other cause. *Page 158 
Therefore, this Court disagrees with the opinion of the Court or Civil Appeals. The record suggests that the wheel could have broken loose as a result of a materials failure in two or more of the truck's studs or as a result of negligence by the third party who had repaired the tire. Because the plaintiff failed to present substantial evidence to foreclose such possibilities as these, he did not satisfy the second element of the doctrine ofres ipsa loquitur, according to which "the circumstances must be such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the [instrumentality] had not been negligent." AlabamaPower Co. v. Berry, supra. If one can reasonably conclude that the accident could have happened without any negligence on the part of the defendants, then the res ipsa loquitur presumption does not apply. We agree with the circuit court that the doctrine of res ipsa loquitur does not support an inference of negligence in this case.
For the foregoing reasons, the judgment of the Court of Civil Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, SEE, and LYONS, JJ., concur.