# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-01149-SCT

*DARLING INGREDIENTS INC. AND TONY*
*ALLEN*

*v.*

*TINA MOORE, JABRREA POWERS,*
*INDIVIDUALLY AND AS MOTHER AND NEXT*
*FRIEND OF LONDYN TERRELL, A MINOR*


| | |
|---|---|
| DATE OF JUDGMENT: | 09/24/2020 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| TRIAL COURT ATTORNEYS: | TRENT L. WALKER |
| | ABBEY ADCOCK REEVES |
| | JASON HOOD STRONG |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JASON HOOD STRONG |
| | THOMAS RAY JULIAN |
| | ABBEY ADCOCK REEVES |
| ATTORNEY FOR APPELLEES: | TRENT L. WALKER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 04/21/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.	Tina Moore was driving on I-20 when her car struck a piece of tire tread that had

come from a truck and trailer rig driven by Tony Allen, an employee of Darling Ingredients

Inc. Moore filed suit against Darling and Allen in the Circuit Court of Copiah County, the

county of Allen's residence. The circuit court denied Darling and Allen's motion for

summary judgment on the ground that Moore was entitled to an inference of negligence under the doctrine of *res ipsa loquitur*.

¶2.     This Court holds that, because a vehicle tire can fail for reasons other than negligence attributable to the vehicle's driver or owner, the doctrine of *res ipsa loquitur* does not apply. Therefore, we reverse the trial court's decision and render judgment in favor of Darling and Allen.

### FACTS

¶3.     On the evening of February 26, 2016, Tina Moore was traveling west on I-20 when her car struck a piece of rubber tire tread. Moore's daughter and granddaughter were passengers in her vehicle. In her deposition, Moore said that she had not seen the tread in the road before striking it. Moore's unexpected encounter with this object caused her to lose control of her car, which ended up in a ditch. Tony Allen noticed that one of his rear tractor tires had failed, and he stopped his truck. Allen talked to Moore and told her that some tire rubber had come from his truck. Moore noticed pieces of rubber scattered across the highway and that other vehicles had stopped. Moore said that, due to the accident, her car was damaged severely and that she had suffered head, neck, and shoulder injuries, which had resolved.

¶4.     Darling and Allen attached Allen's affidavit to their motion for summary judgment. Allen averred that he had inspected the truck that day before his trip. Allen said that each tire had appeared to be in good working order with good tread depth.

¶5.     The record reflects that Moore did not have the tire or tire remnants inspected by an expert. She attached the affidavit of a mechanic, Woodie Lawson, to her summary judgment response. According to Lawson, the tire in question undoubtedly had failed. But Lawson said also that a tire can fail for a number of reasons: "[s]ome of those reasons stem from issues such as wear and tear, punctures by objects, improper fit to the wheel or rim, damage to a wheel or rim, or even a defect in the tire itself."

¶6.     At the summary judgment hearing, Darling and Allen argued that Moore had produced no evidence that Allen had not inspected the tire properly or that he had caused the tire failure by striking road debris that he should have noticed. Moore countered that, under the doctrine of *res ipsa loquitur*, an inference of negligence had arisen from her showing that the tire had failed. The trial court agreed, finding that the doctrine of *res ipsa loquitur* applied because a tire failure ordinarily would not occur absent the driver's negligence.

## STANDARD OF REVIEW

¶7.     The trial court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). "The evidence is viewed in the light most favorable to the party opposing the motion." *Stallworth v. Sanford*, 921 So. 2d 340, 341 (Miss. 2006) (internal quotation marks omitted) (quoting *Davis v. Hoss*, 869 So. 2d 397, 401 (Miss. 2004)). The party with the burden of proof at trial bears the burden of production on summary judgment. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88-89

(Miss. 2013) (quoting ***Daniels v. GNB, Inc.***, 629 So. 2d 595, 600 (Miss. 1993)). This Court applies *de novo* review to an order granting or denying summary judgment. ***Ill. Cent. R.R. Co. v. Brent***, 133 So. 3d 760, 767 (Miss. 2013) (citing ***Harrison v. Chandler-Sampson Ins., Inc.***, 891 So. 2d 224, 228 (Miss. 2005)).

## DISCUSSION

¶8.     In order to survive summary judgment, Moore, the party who would bear the burden of proof at trial, had to produce evidence showing that a genuine issue of material fact existed with regard to her negligence claim. The elements of negligence include "duty, breach, causation, and injury." ***Sanderson Farms, Inc. v. McCullough***, 212 So. 3d 69, 76 (Miss. 2017) (internal quotation mark omitted) (quoting ***Miss. Dep't of Mental Health v. Hall***, 936 So. 2d 917, 922 (Miss. 2006)). Once a plaintiff has shown that a duty was owed, "[t]he elements of breach and proximate cause must be established . . . with supporting evidence. Duty and breach of duty, which both involve foreseeability, are essential to finding negligence and [therefore,] must be demonstrated first." ***McCullough***, 212 So. 3d at 76 (alterations in original) (internal quotation marks omitted) (quoting ***Griffith v. Entergy Miss., Inc.***, 203 So. 3d 579, 585 (Miss. 2016)).

¶9.     Moore put forth no evidence showing that Allen had failed to keep a proper lookout or that he or his employer had neglected the tire. Instead, Moore invoked the doctrine of *res ipsa loquitur*, which permits negligence to be inferred in certain situations. ***Powell v. Methodist Health Care-Jackson Hosps.***, 876 So. 2d 347, 349 (Miss. 2004) (citing ***Winters***

4

*v. Wright*, 869 So. 2d 357, 363 (Miss. 2003)). The doctrine is applied with caution. *Id.* (citing *Winters*, 869 So. 2d at 363). *Res ipsa loquitur* has three elements:

1) the instrumentality causing the damage was under the exclusive control of the defendant,

2) the occurrence was such that in the ordinary course of things it would not have happened if those in control of the instrumentality used proper care, and

3) the occurrence was not due to any voluntary act on the part of the plaintiff.

*Huynh v. Phillips*, 95 So. 3d 1259, 1262 (Miss. 2012) (citing *Coleman v. Rice*, 706 So. 2d 696, 698 (Miss. 1997)). If all three elements are shown, then the plaintiff is entitled to a jury instruction that "the jury *may*, but *is not bound to*," infer that the defendant was negligent. *Read v. S. Pine Elec. Power Ass'n*, 515 So. 2d 916, 920 (Miss. 1987) (citing *Johnson v. Foster*, 202 So. 2d 520, 524 (Miss. 1967)). "[T]he defendant must come forward with an explanation or else take the risk that the jury may infer negligence." *Id.*

¶10. Darling and Allen do not dispute Moore's showing on the first and third elements that the tire was under Allen's exclusive control and that no voluntary act of Moore's played a part in the tire's failure. The second element, which is the element at issue here, was discussed in *Powell*. In that case, the plaintiff suffered leg and foot injuries during a gall bladder surgery, possibly from an operating table strap. *Powell*, 876 So. 2d at 348. She advanced a *res ipsa loquitur* theory. *Id.* Because the plaintiff's expert opined that the injuries could have resulted from negligence or from non-negligence, the Court found that *res ipsa loquitur* did not apply. *Id.* at 349.

¶11.    Moore argues that this case is on all fours with *J.C. Penney Co. v. Evans*, 172 Miss. 900, 160 So. 779 (1935), and *Johnson v. Coca-Cola Bottling Co.*, 239 Miss. 759, 763, 125 So. 2d 537 (1960). In *J.C. Penney*, a customer's eye was injured when a piece of metal fell from a carrier basket hanging from a cable line that a store had installed to transport cash from the second floor to the first floor. *J.C. Penney*, 160 So. at 780. The carrier basket was one of a few in use that had been installed several years previously. *Id.* The baskets were inspected every two weeks. *Id.* The Court held that "the evidence warranted the jury in believing (1) that the particle of metal that entered the appellee's eye came from the carrier; and (2) that ordinarily such would not have occurred had the appellant exercised due care, either in the installation or maintenance of the carrier." *Id.* at 781. In *Johnson*, a woman was injured when a bottle of Coca-Cola exploded. *Johnson*, 125 So. 2d at 538. It had been bottled and delivered by the defendant and stored and handled by the purchaser under normal conditions. *Id.* The Court held that the bottle's explosion was not the kind of occurrence that ordinarily happens in the absence of negligence by the bottling company. *Id.* at 543.

¶12.    Because many potential causes exist for tire failure besides negligence of the driver or vehicle owner, this case is distinguishable from *J.C. Penney* and *Johnson*. Numerous courts have held that tire failure is not a proper subject for *res ipsa loquitur*. In *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 280 (5th Cir. 1975), the plaintiff alleged that a defective tire had caused a deadly accident. The tire in question had been found in shreds at the accident scene. *Id.* at 279. The plaintiff asserted a *res ipsa loquitur* theory against the

6

tire's manufacturer. The United States Court of Appeals for the Fifth Circuit, applying

Mississippi law, rejected that theory, saying that

> A number of courts have held the res ipsa doctrine to be inappropriate or inapplicable in cases of tire blowouts. ***Markwell v. General Tire and Rubber Co.***, 7 Cir., 1966, 367 F.2d 748, 750; ***United States Rubber Co. v. Bauer***, 8 Cir., 1963, 319 F.2d 463; ***Senter v. B. F. Goodrich Co.***, D.Colo., 1954, 127 F. Supp. 705. Moreover, the Mississippi Supreme Court has consistently held that "the doctrine of res ipsa loquitur should be strictly limited and cautiously applied." ***Clark v. Vardaman Manufacturing Co.***, 1964, 249 Miss. 42, 162 So. 2d 857, 858 and cases cited. Thus, we agree that res ipsa has no place in this case.

*Id.* at 287.

¶13.    Similarly, the Supreme Court of Alabama found that *res ipsa loquitur* did not apply

in a case in which a wheel came off the defendant's truck for no apparent reason, causing

injury. ***Ex parte Crabtree Indus. Waste, Inc.***, 728 So. 2d 155, 158 (Ala. 1998). A mechanic

had repaired a tire three days prior to the accident. *Id.* at 156. As in this case, the truck driver

had inspected the vehicle on the day of the accident. *Id.* The court rejected the plaintiff's *res*

*ipsa loquitur* argument. *Id.* at 157. The court found that the evidence supported an inference

of negligence by the mechanic or an inference that the wheel's studs had experienced a

materials failure, both causes outside the control of the defendant. *Id.* "Because the plaintiff

failed to present substantial evidence to foreclose such possibilities as these, he did not

satisfy the second element of the doctrine of *res ipsa loquitur*, according to which 'the

circumstances must be such that according to common knowledge and the experience of

mankind the accident could not have happened if those having control of the

7

[instrumentality] had not been negligent.'" *Id.* at 158 (alteration in original) (quoting *Ala. Power Co. v. Berry*, 48 So. 2d 231 (Ala. 1950)).

¶14.    Moore argues that the tire's failure was not the kind of occurrence that happens ordinarily in the absence of negligence by the truck driver or truck owner. The problem with Moore's argument is that, when the occurrence at issue in the ordinary course of things could have happened without negligence by the defendant, *res ipsa loquitur* does not apply. Because many possible causes of tire failure exist outside of negligence by the vehicle's driver or owner, Moore cannot meet the second element of *res ipsa loquitur.* As Darling and Allen point out, Moore's expert averred that a tire can fail due to puncture by an object, damage to a wheel or rim, or the tire's being defective, all of which are causes of tire failure not necessarily attributable to driver negligence. For example, a driver might run over a nail or other small object in the road that could not have been seen in the exercise of ordinary care. *See Dennis ex rel. Cobb v. Bolden*, 606 So. 2d 111, 113-14 (Miss. 1992) (a driver has a duty to see "what he should have seen" and "avoid striking plain objects" (citing *Tippit v. Hunter*, 205 So. 2d 267 (Miss. 1967); *Barkley v. Miller Transporters, Inc.*, 450 So. 2d 416 (Miss. 1984)). Alternatively, the tire might have had a defect, not apparent to a driver or owner exercising ordinary care, that was incurred during manufacturing or repair. Although Moore argues that all of her expert's explanations for tire failure implicate negligence by the vehicle's driver or owner, such is not the case. Rather, in the ordinary course of things, tire failure may be attributable to a number of causes, some involving negligence by the driver or owner, and some not. Therefore, the doctrine of *res ipsa loquitur* is not applicable to the

8

facts alleged by Moore. Because Moore produced no evidence of negligence, no genuine issue of material fact exists. Darling and Allen were entitled to summary judgment.

## CONCLUSION

¶15.    Because the trial court erred by denying the motion for summary judgment, we reverse and render judgment for Darling and Allen.

¶16.    **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**